STATE OF WEST VIRGINIA

*v.*

ERVIN POWELL GARTEN

(No. 10020)

Submitted September 1, 1948. Decided September 21, 1948.

*Harold B. Eagle* and *Eagle & Eagle,* for plaintiff in error.

*Ira J. Partlow,* Attorney General, and *J. Chandler Curd,* Assistant Attorney General, for defendant in error.

LOVINS, JUDGE:

Ervin Powell Garten was indicted in the Circuit Court of Summers County, West Virginia. The indictment charged defendant with attempting to rape a woman twenty-nine years of age. A jury trial resulted in a verdict of guilty as charged in the indictment, and defendant was sentenced to serve a term of one to five years in the penitentiary of this State. Defendant brings the case to this Court by writ of error.

Defendant is about twenty-four years of age, and on July 18, 1947, was employed by the Greenbrier Club near

Hinton, West Virginia. On that day he came to the City of Hinton, where he purchased and drank beer and whiskey. In the afternoon he was seen by two witnesses in the vicinity of the place where the assault took place. One witness testified that he was nude and the other that he was engaged in the act of masturbation.

The prosecutrix testified that she had taken three small children to the river to fish. While sitting on a small boat wharf on the river, prosecutrix saw defendant, unclothed, walk across a path leading to the river. She remained quiet, thinking defendant had gone away, but a short time thereafter defendant, still nude, approached the prosecutrix, grabbed her, and inserted his hand up and under her "shorts". Prosecutrix screamed and resisted defendant, whereupon he fled.

Defendant testified that on the day of the crime, he was so intoxicated that he had no recollection of being in the vicinity where the occurrence took place, and in this he is corroborated in a measure by the testimony of his wife and other witnesses.

On the day following, defendant quit the employment of the Greenbrier Club on account of a disagreement with the secretary of that club. Defendant and his wife went to a hotel in the City of Hinton, and remained there a short time, thereafter going to the home of defendant's father-in-law about five miles from Hinton, where he was arrested on or about July 20, 1947, and taken to the jail of Summers County.

After the arrest, the arresting officer took the prosecutrix to the jail of Summers County for the purpose of identifying defendant. On arriving at the jail, prosecutrix momentarily identified another man as the person who assaulted her, but, upon seeing defendant, who was in the room, she immediately and positively identified defendant as the guilty person.

At the conclusion of the evidence introduced by the State, defendant moved the court to strike the evidence,

and direct a verdict, which was overruled, and the same motion was made after the defendant introduced his testimony, which was likewise overruled.

Nine instructions were tendered by the State and defendant, and all were given except defendant's instruction No. 5. Upon rendition and reception of the verdict, defendant moved the court to set the same aside, which motion was overruled and defendant was sentenced as above stated.

Defendant's assignments of error present two questions: (1) Should the court have given defendant's instruction No. 5; and (2) is the evidence introduced by the State sufficient to sustain the verdict?

Defendant relies on the case of *State* v. *Perry*, 41 W. Va. 641, 24 S. E. 634, as supporting his contention that defendant's instruction No. 5 should have been given. Defendant's instruction No. 5 reads as follows: "The Court further instructs the jury that if they believe from the evidence in this case that the crime charged against the defendant rests alone on the testimony of the prosecuting witness, Gladys Richmond, then they should scrutinize her testimony with care and caution."

Pt. 5 syl., *State* v. *Perry, supra,* reads as follows: "It is error for the court to refuse to instruct the jury that it is their duty to scrutinize with care and caution the uncorroborated and contradicted testimony of a witness." An examination of the opinion in the *Perry* case discloses that the testimony of the prosecutrix in that case was uncorroborated and was contradicted.

In the instant case the testimony of the prosecutrix is corroborated by other witnesses, who saw the defendant in the vicinity of the place where the criminal acts occurred. It is shown by one of these witnesses that defendant was unclothed, and by another that he was engaged in an abnormal sexual act. Furthermore, there is no contradiction of the prosecutrix' testimony. We therefore conclude that instruction No. 5, tendered by defendant and refused by

the court, is inapplicable to the facts of the instant case, and was properly refused by the trial court.

The vulgar and indecent conduct of the defendant shown by the record calls for severe condemnation, but that alone is not a sufficient basis to sustain the conviction for the specific crime of assault with intent to rape. An intent to commit the crime of rape must be clearly shown. *State* v. *Coram*, 116 W. Va. 492, 182 S. E. 83. "To sustain a conviction for attempted rape two things must be proven beyond a reasonable doubt—the specific intent to at once accomplish the crime, and an overt act in pursuance of such intent." *State* v. *Gill*, 101 W. Va. 242, 132 S. E. 490. "Improper advances and indecent liberties do not necessarily imply such intent." *State* v. *Gill*, *supra; Hammond* v. *United States*, 127 F. 2d 752.

It would serve no useful purpose to discuss at length the various principles relative to the question whether the acts or conduct are sufficient basis for an inference that such intent existed. We have found no general rule bearing on this question, and do not attempt to formulate one, but the following seems to be sound and logical:

"In order to constitute an assault to ravish and to justify conviction therefor, the indictment must allege and the evidence must show the existence of all the essential elements to the crime. * * * The assault must be such as to show a purpose to have sexual intercourse despite resistance, and the consent of the female must be wanting. The intent of the accused is an essential element in the offense, but in and of itself is not sufficient; there must be some overt act in addition to the attempt, because for a man to be guilty of the crime of an attempt to commit rape, he must not only have intended to use the force necessary to accomplish his purpose, notwithstanding the woman's resistance, * * * he must in addition to this, have done some act which, in connection with the intent, constitutes the attempt.

"Force and violence are necessary elements, and there must be an intent to use such force and violence as may be necessary to overcome resistance; * * * *"

1 Wharton's Criminal Law, 12th ed., Section 748; *Hammond* v. *United States, supra.*

Testing the conviction in this case by the foregoing principle, we cannot say that the overt act of the accused, although indecent and improper in the highest sense of those terms, indicated that he intended to use force to overcome the resistance of the prosecutrix.

It is reasonable to infer from the acts of the defendant that he desired to engage in sexual intercourse with the prosecutrix, but can we go further and say that defendant intended to use force to overcome her resistance in carrying such act into effect? We do not think so.

Bearing in mind that the occurrence took place in the daytime, and apparently near human habitation, with three children present, it is unlikely that the defendant, even in his drunken condition, would have used force to overcome the resistance offered by the prosecutrix. In addition to this, when prosecutrix hit him with her elbow and screamed, the defendant immediately fled. The situation surrounding the alleged attempt to rape was such as to negative the idea that defendant would have forcibly engaged in sexual intercourse with the prosecutrix.

Treating the evidence of the State as being true, and giving it the fullest force and effect, we do not believe that it shows beyond a reasonable doubt that defendant had an intent to rape prosecutrix, and for that reason it was error for the court to allow the verdict of the jury to stand.

In accordance with the foregoing, we reverse the judgment of the Circuit Court of Summers County, set aside the verdict, and award defendant a new trial.

*Judgment reversed;*
*verdict set aside;*
*new trial awarded.*