328 S.E.2d 671

**STATE of West Virginia**

v.

**William George TRAIL.**

**No. 16300.**

Supreme Court of Appeals of West Virginia.

Jan. 30, 1985.

Decided April 9, 1985.

Wilbert A. Payne, Payne & Payne, Beckley, for appellant.

Silas B. Taylor, Asst. Atty. Gen., Charleston, for appellee.

BROTHERTON, Justice:

This is an appeal from a final judgment of the Circuit Court of Raleigh County, in which the petitioner was convicted of abduction, malicious assault, and second degree sexual assault. The charges stemmed from an incident in which the petitioner came across two teenagers, hit the male teenager over the head with a log, and led the female off into the woods and raped her. Petitioner assigns the following errors: first, that punishment for both abduction and sexual assault based on the same transaction violates the double jeopardy clause; second, that the trial court should have granted a continuance where the defense received an amended witness list one day before trial was scheduled to begin; third, that certain photographs admitted into evidence should have been excluded on account of their inflammatory nature; and fourth, that the trial court should have recused himself because of an association with one of the victims. We affirm the judgment of the circuit court and address the assignments of error below.

The victims, Robert Wilson and Lisa Chambers, were first cousins. Both lived with Robert Wilson's parents in Shady Spring, West Virginia, where they also attended high school together. On December 16, 1982, the two skipped school and walked to a wooded area known as "The Pines." During the morning they were joined by the appellant, William George Trail, Jr., who helped them build a fire. While Robert Wilson was crouched over the fire, Trail hit him on the back of the head with a large stick. Trail thereafter hit the girl repeatedly and led her off through the woods, telling her he would take her home. They arrived at an area near Canterbury Woods, which is approximately three miles from The Pines. There he had sexual intercourse with her, then led her off on another path, still representing that he would take her home. He later led her back to a road, where they were spotted by the girl's grandfather and some deputies, and Trail was apprehended.

In January, 1983, Trail was indicted on the following counts: abduction of a female with intent to defile her, W.Va.Code § 61–2–14 (1977); malicious assault (on Robert Wilson), W.Va.Code § 61–2–9

(1984); and first-degree sexual assault, W.Va.Code § 61–8B–3 (1977).[1] At trial, the jury found appellant guilty on the abduction and assault charges, and guilty of the lesser-included offense of second-degree sexual assault, W.Va.Code § 61–8B–4 (1977). The court sentenced appellant to three-to-ten years for the abduction of Lisa Chambers, two-to-ten years for malicious assault on Robert Wilson, and five-to-ten years for second-degree sexual assault on Lisa Chambers. The court ordered the first two sentences to run consecutively, and the third to be concurrent. The court also added five years to the maximum sentence based on the defendant's admission to a recidivist information.[2]

## I.

The appellant's primary assignment of error is that his punishment for both abduction and sexual assault constitutes multiple punishments for the same offense in violation of the double jeopardy clause, W.Va. Const. art. III, § 5; U.S. Const. amend. V. The constitutional prohibition of putting any person twice in jeopardy for the same offense has been read to apply in three distinct situations: (1) retrial for the same offense after acquittal; (2) retrial for the same offense after conviction (serial prosecution); and (3) multiple punishments for the same offense after conviction. *See, e.g., State v. Pancake,* 170 W.Va. 690, 296 S.E.2d 37, 41 (1982). Appellant asserts that the abduction and the sexual assault in this case constitute the "same offense" for purposes of double jeopardy analysis, because both convictions are based on the same transaction. Because both convictions were for the same offense, he reasons, his punishment for both is in violation of the multiple punishments bar.

In West Virginia, "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." *State v. Zaccagnini,* W.Va., 308 S.E.2d 131, 141 (1983)[3] *quoting Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932). Under the *Blockburger* test, we must determine whether appellant's convictions for abduction and sexual assault each required proof of a separate fact. We find that they did. Abduction of a female with intent to defile, W.Va.Code § 61–2–14 (1977)[4] required an asportation or taking away that is not an element of sexual assault; sexual assault in the second degree, W.Va.Code § 61–8B–4 (1977),[5] required sexual intercourse or penetration that was not an element of abduction.

That Trail's asportation of Lisa Chambers was in fact a separate act is shown by the fact that he led her further

---

1. A fourth count was not submitted to the jury.

2. We note that if the defendant were to prevail on the double jeopardy issue, and the sentence for abduction were vacated, it would not change his minimum sentence.

3. We note that *State v. Zaccagnini* was filed after the appellant in this case was convicted. The same principles, however, control this case. *See State v. Pancake,* 170 W.Va. 690, 296 S.E.2d 37, 42–43 (1982).

4. W.Va.Code § 61–2–14 (1977), *amended by* W.Va.Code § 61–2–14 (1984), provided:

    If any person take away, or detain against her will, a female person, with intent to marry or defile her, or to cause her to be married or defiled by another person; ... he shall be guilty of a felony, and, upon conviction, shall be confined in the penitentiary not less than three nor more than ten years.

5. W.Va.Code § 61–8B–4 (1977), *amended by* W.Va.Code § 61–8B–4 (1984), provided:

    (a) A person is guilty of sexual assault in the second degree when:

    (1) He engages in sexual intercourse with another person by forcible compulsion; or

    (2) By forcible compulsion, he causes penetration, however slight, of the female sex organ or of the anus of any person, by any inanimate object for the purpose of gratifying the sexual desire of either party.

    (b) Any person who violates the provisions of this section shall be guilty of a felony, and, upon conviction thereof, shall be imprisoned in the penitentiary not less than five nor more than ten years, or fined not more than ten thousand dollars and imprisoned in the penitentiary not less than five nor more than ten years.

into the woods, a distance of approximately three miles from the site of the campfire. This increased the risk of harm to the victim and diminished the possibility of rescue. The abduction thus was more than incidental to the rape. Therefore, although the defendant's convictions for abduction and sexual assault may arguably have arisen from the "same transaction," they do not constitute the same offense for purposes of the double jeopardy clause. *Cf. State v. Peyatt,* 173 W.Va. 317, 315 S.E.2d 574, 578 (1983) (sexual assault and incest); *State v. Pancake,* 170 W.Va. 690, 296 S.E.2d 37, 42 (1982) (sexual assault and burglary).[6]

## II.

The appellant next asserts that the trial court erred when it denied appellant's motion for a continuance in order to prepare his defense. Trail was indicted on January 18, 1983. The court appointed counsel to represent him about three weeks prior to the indictment. The trial was scheduled for March 2, 1983. Trail was transferred from Moundsville, where he was incarcerated on a prior offense, to the Raleigh County jail and was available for consultation with his attorneys by February 1, 1983. His attorneys were permitted to examine the prosecutor's file, and later filed a motion for discovery. The State answered by personal delivery on February 23, 1982. By letter hand-delivered on March 1, 1983, the State added five witnesses to its answer.

The State called only two of the five additional witnesses at trial.[7] The first was a nurse at the Huttonsville Correctional Center. She was the official custodian of medical records at the Huttonsville facility, and was used by the prosecution to introduce the records of routine blood work done on appellant. The record indicates that copies of the reports introduced at the trial had been furnished to counsel for the defense a day or two before trial was scheduled to begin. The second witness was the registered nurse who assisted in the examination of Lisa Chambers after the rape. She was in the chain of custody of the fluid and hair samples taken from the victim at the hospital, and was used to introduce photographs taken of Lisa Chambers at the hospital.

On March 2nd, the morning trial was scheduled to begin, defense counsel moved for a continuance on the basis that they were not properly prepared for trial, citing specifically the additional witnesses provided the day before. The court, for this reason, recessed at 1:00 p.m., prior to hearing any evidence, and ordered the witnesses to remain until defense counsel had had a chance to interview them. The trial resumed the next morning at 9:00 a.m.

▇▇▇ The grant or denial of a motion for a continuance is a matter within the sound discretion of the trial court. The refusal of such a motion is not grounds for reversal unless it appears that the trial court abused its discretion. *See, e.g., State v. Milam,* 159 W.Va. 691, 700, 226 S.E.2d 433, 440 (1976). More specifically, the late production of court-ordered discovery without a showing of particular harm to the defendant's preparation of the case will not constitute error. *See, e.g., State v. Trail,* 163 W.Va. 352, 357–58, 255 S.E.2d 900, 904 (1979).

▇▇▇ In the case before us we find neither an abuse of discretion nor prejudice. Only two of the late-discovered witnesses testified for the State, and their testimony included no surprise evidence. In addition, the trial court alleviated any possibility of

---

**6.** Our conclusion that abduction and sexual assault constitute *separate* crimes is in accord with numerous decisions rendered in other jurisdictions in similar circumstances. *See generally* Annot., 43 A.L.R.3d 699, § 6[a] (1972); 1 Am.Jur.2d *Abduction and Kidnapping* § 9 (1962 & Supp.1984). Separate convictions for rape and kidnapping have been sustained where the victim was removed a distance as short as 11 feet. *See State v. Ayers,* 198 Kan. 467, 471–72, 426 P.2d 21, 24–25 (1967). Where, however, courts have determined that the removal of the victim was incidental to the rape, certain asportations have been found insufficient to support a separate conviction for kidnapping. *See generally* Annot., *supra,* § 6[b].

**7.** A third witness contained on the second witness list was not called by the prosecution, but was called by the defense.

harm to the appellant's preparation of his defense by allowing defense counsel additional time to interview the new witnesses. We, therefore, find no error.

## III.

Appellant's third assertion of error is that the trial court should not have admitted certain photographs into evidence. In the course of the trial, the court admitted two photographs of Lisa Chambers, and one photograph of the back of Robert Wilson's head, both showing evidence of the alleged injuries. The black and white photocopies provided in the record do not reflect substantial blood or open wounds. The court excluded three other photographs offered, on the grounds that they were cumulative.

In general, photographs of victims are admissible if they are relevant. Here, the photographs served to substantiate the testimony of the victims regarding their injuries, and thus were relevant. If the photographs offered are gruesome or revolting, however, they will not be admitted unless the State shows that they are of essential evidentiary value to its case. *State v. Rowe*, 163 W.Va. 593, 595–96, 259 S.E.2d 26, 28 (1979). The admission of photographs rests in the sound discretion of the trial court, and its rulings will be upheld unless there is a clear showing of abuse of discretion. *State v. Wooldridge*, 129 W.Va. 448, 464, 40 S.E.2d 899, 908 (1946). The photographs admitted were of Lisa Chambers' face, showing bruises, and of the back of Robert Wilson's head, showing a laceration. The trial court appears to have assumed that they were not gruesome under the standards set out in *State v. Rowe, supra*, and we do not find, based on the evidence, that this was an abuse of discretion.

## IV.

Finally, appellant raises the trial court's refusal to recuse himself on account of a possible association with the victim, Robert Wilson, as reversible error. Although defense counsel made a motion to that effect, there was no development of facts to support the motion, and we cannot ascertain from the record whether there was any potential prejudice. Because of the presumption of regularity attendant on trial court proceedings, *see, e.g., State ex rel. Ashworth v. Boles*, 148 W.Va. 13, 14, 132 S.E.2d 634, 635 (1963), we presume that there was not.

For the reasons set forth above, the judgment of the Circuit Court of Raleigh County is affirmed.

Affirmed.