376 S.E.2d 563

**STATE of West Virginia**

v.

**Gerald W. DAVIS.**

**No. 17915.**

Supreme Court of Appeals of
West Virginia.

Dec. 14, 1988.

**358**

David Allen Barnett, Jackson, Kelly, Holt & O'Farrell, Charleston, for appellant.

Jill L. Miles, Asst. Atty. Gen., Charleston, for appellee.

PER CURIAM:

This is an appeal from a final order of the Circuit Court of Kanawha County, entered October 17, 1986, which sentenced the appellant, Gerald W. Davis, to three consecutive terms of imprisonment in the penitentiary upon his conviction by a jury of the offenses of abduction with intent to defile, first-degree sexual abuse and second-degree sexual assault. The appellant contends that the multiple sentences violate principles of double jeopardy, that the evidence was insufficient to support the sexual assault conviction, that the trial court erred in refusing to give a defense instruction and that he was prejudiced by certain remarks of the prosecuting attorney during closing arguments. We find merit in the appellant's double jeopardy argument, and we reverse on that ground.

The charges against the appellant arose primarily from the statements of 21–year–old E.W., a long-time friend of the appellant's family. E.W. stated that at about 10:15 p.m. on the night of February 18, 1986, she had gone alone to the appellant's St. Albans home to retrieve laundry she had left there earlier in the evening. According to E.W.'s statements, the appellant

had followed her to the laundry room and asked her to come to his bedroom. When she refused, the appellant grabbed her by the shoulder and pulled her backwards towards the bedroom. E.W. managed to escape and ran first to the kitchen, where she attempted unsuccessfully to open the back door, and then to the living room, where she appealed in vain to the appellant's father for help. When the appellant entered the living room, E.W. threw a glass of water at him. The appellant then grabbed E.W. by the hair and dragged her into the dining room where he struck her and began choking her. He then pulled E.W. into the bedroom and threw her on the bed. A struggle ensued, during which the appellant pulled down E.W.'s jeans and panties. The appellant announced that he intended to have anal intercourse with her. When E.W. protested, the appellant forced her to touch his penis. Then, over E.W.'s protests, the appellant had vaginal intercourse with her while his father watched.

E.W. stated that when the appellant and his father left her alone in the bedroom, she escaped and ran to the home of the appellant's next-door neighbor, JoAnna Watson. Although E.W. was visibly distressed and reported that the appellant had sexually assaulted her, Mrs. Watson and her daughter, Debby King, refused to help her. E.W. then drove her car, on which one of the rear tires had been slashed, about ¼ of a mile to the home of a friend, Rose Shaffer. Mrs. Shaffer noted that E.W. was crying hysterically, that she had marks on her face and throat, that her clothes were in disarray and that she was wearing only one shoe and no jacket. When E.W. told her that she had been sexually assaulted by the appellant, Mrs. Shaffer called the police. Sheriff's deputies took a statement from E.W. and transported her to Charleston Area Medical Center for treatment. E.W. was found to have suffered a cut lip and abrasions to the face and vulva. Her clothes were taken by the police for analysis, and seminal fluid was found on her panties.

The following day sheriff's deputies went to the appellant's home to execute arrest and search warrants. The police found E.W.'s missing shoe and jacket in her laundry basket on the porch. They also seized sheets and towels found on the appellant's bed and articles of his clothing, all of which were subsequently found to contain seminal fluid stains.

At the May 1986 term of the Kanawha County Grand Jury, an indictment was returned charging the appellant with abduction with intent to defile, in violation of W.Va.Code § 61–2–14 (1984 Replacement Vol.);[1] sexual abuse in the first degree, in violation of W.Va.Code § 61–8B–7 (1984 Replacement Vol.);[2] and sexual assault in the second degree, in violation of W.Va. Code § 61–8B–4 (1984 Replacement Vol.).[3] At trial, conducted before a jury on July 21 and 22, 1986 in the Circuit Court of Kanawha County, the appellant admitted that E.W. was at his home on the night in question but denied that he had even touched her. The jury returned a verdict of guilty on all three charges. By order entered October 17, 1986, the court sentenced the appellant to imprisonment for not less than three nor more than ten years upon the abduction conviction, not less than one nor more than five years upon the sexual abuse conviction and not less than

1. W.Va.Code § 61–2–14 provides, in pertinent part:
    (a) Any person who takes away another person, or detains another person against such person's will, with intent to marry or defile the person, ... shall be guilty of a felony,....

2. W.Va.Code § 61–8B–7 provides, in pertinent part:
    (a) A person is guilty of sexual abuse in the first degree when:
    (1) Such person subjects another person to sexual contact without their consent, and the

lack of consent results from forcible compulsion; ....

3. W.Va.Code § 61–8B–4 provides, in pertinent part:
    (a) A person is guilty of sexual assault in the second degree when:
    (1) Such person engages in sexual intercourse or sexual intrusion with another person without the person's consent, and the lack of consent results from forcible compulsion; ....

ten nor more than twenty years upon the sexual assault conviction. The court ordered the three sentences to run consecutively.

## I.

The appellant's first contention is that the trial court erred in sentencing him upon all three convictions. He asserts that all of the charges arose out of the same act or transaction. Accordingly, he contends that the consecutive sentences amounted to multiple punishments for the same offense in violation of the double jeopardy clauses of our state and federal constitutions. W.Va. Const. art. III, § 5; U.S. Const. Amend. V.

■ We have recognized that the principles of double jeopardy prohibit the imposition of multiple punishments for the same offense. *State v. Myers,* 171 W.Va. 277, 298 S.E.2d 813 (1982); *State v. Hersman,* 161 W.Va. 371, 242 S.E.2d 559 (1978); *Conner v. Griffith,* 160 W.Va. 680, 238 S.E.2d 529 (1977). The traditional test of identity of offenses has been stated as follows:

"Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." Syl. pt. 8, *State v. Zaccagnini,* 172 W.Va. 491, 308 S.E.2d 131 (1983), *quoting Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

Syllabus point 1, *State v. Peyatt,* 173 W.Va. 317, 315 S.E.2d 574 (1983).

■ Here, neither of the sexual offenses charged in the indictment requires proof of detention or asportation of the victim, an essential element of the offense of abduction with intent to defile. The offense of second-degree sexual assault requires proof of sexual intercourse and the crime

of first-degree sexual abuse requires proof of "sexual contact",[4] neither of which is an essential element of the crime of abduction or of the other sexual offense. Thus, under the *Blockburger* analysis, we would appear to have three separate and distinct offenses for double jeopardy purposes. *See State v. Trail,* 174 W.Va. 656, 328 S.E.2d 671 (1985); *State v. Reed,* 166 W.Va. 558, 276 S.E.2d 313 (1981).

We have also recognized, however, that the *Blockburger* analysis is not always determinative of the issue of identity of offenses for double jeopardy purposes. In *State v. Miller,* 175 W.Va. 616, 336 S.E.2d 910 (1985), we noted that the offenses of kidnapping and first-degree sexual assault constituted separate offenses under the *Blockburger* test because each required proof of an additional fact that the other did not, namely confinement or movement of the victim, an essential element of kidnapping, and sexual intercourse, an essential element of sexual assault. We concluded, however, that where the confinement or asportation of the victim, though technically sufficient to establish the offense of kidnapping, was merely incidental or ancillary to the commission of the sexual assault, double jeopardy precluded separate convictions and punishments for both offenses. 175 W.Va. at 621, 336 S.E.2d at 915. In determining whether the transaction gave rise to one offense or two, we held that the court must examine the circumstances under which the alleged offense was committed, including "the length of time the victim was held or moved, the distance the victim was forced to move, the location and environment of the place the victim was detained, and the exposure of the victim to an increased risk of harm." (Footnote and citations omitted.) *Id. See State v. Trail,* 174 W.Va. at 659, 328 S.E.2d at 674; Annotation, *Seizure or Detention for Purpose of Committing Rape, Rob-*

---

**4.** W.Va.Code § 61–8B–1(6) [1984] defined "sexual contact" as

any intentional touching, either directly or through clothing, of the anus or any part of the sex organs of another person, or the breasts of a female eleven years old or older,

where the victim is not married to the actor and the touching is done for the purpose of gratifying the sexual desire of either party. This statute has since been amended. *See* 1986 W.Va.Acts, 1st Ex.Sess., ch. 11.

*bery, or Similar Offense as Constituting Separate Crime of Kidnapping,* 43 A.L.R.3d 699 (1972).

The evidence below indicates that the detention and movement of the victim in this case was merely intended to facilitate the commission of the sexual assault. The entire transaction took no more than 15 to 30 minutes. No weapon was used to compel the detention or movement of the victim, and she was moved only a short distance inside the appellant's home. The removal of the victim to the bedroom did not appear to expose her to an increased risk of harm beyond that inherent in the sexual assault or to decrease the possibility of detection or escape. In these circumstances, we must conclude that the "abduction" of the victim was merely incidental or ancillary to the commission of another offense. Accordingly, conviction and punishment of the appellant for the offense of abduction with intent to defile violated the prohibition against double jeopardy and is constitutionally impermissible.

We reach a similar conclusion with regard to the sexual abuse conviction. In *State v. Carter,* 168 W.Va. 90, 282 S.E.2d 277 (1981), we held that separate acts of sexual intercourse, committed in different ways, in the course of a single transaction, may be prosecuted and punished as separate and distinct offenses without violating double jeopardy principles. We have also held, however, that where the evidence shows only one continuing sexual offense culminating in a single act of sexual intercourse, conviction and punishment of the accused for unlawful sexual behavior entirely ancillary to such sexual intercourse violates double jeopardy. *State v. Reed, supra.* The determination of whether an episode of unlawful sexual behavior constitutes a single offense or multiple offenses necessarily involves a consideration of a number of factors, including the nature of the acts, the interval of time between them and the place or places at which they are committed, among other things. *See Harrell v. State,* 88 Wis.2d 546, 277 N.W.2d 462 (1979).

The State's evidence here showed only an act of forced sexual contact followed by an act of forced sexual intercourse. Both acts occurred in the same location, and there was no showing of the time that elapsed between them. In view of the lack of evidence on the record, we must conclude that the State failed to meet its burden of proving a separate and distinct offense arising from the sexual contact. Accordingly, we hold that the appellant's conviction and punishment for the offense of first-degree sexual abuse violated double jeopardy principles and was also impermissible.

## II.

The appellant next contends that the evidence was not sufficient to support his conviction of second-degree sexual assault. In this regard, he asserts that scientific evidence submitted at trial conclusively demonstrated his innocence.

The evidence at trial consisted of the results of scientific analysis of the clothing of both the victim and the appellant, the linens taken from the appellant's bed and the vaginal swabs taken from the victim at the hospital, all of which showed the presence of seminal fluid containing the genetic characteristics of both type A and type O blood. Blood samples taken of the victim and the appellant revealed that both had type O blood. The appellant's expert, Dr. Echols A. Hansbarger, a clinical pathologist, testified that the presence of type A characteristics in the seminal stains conclusively proved that the appellant was not the person who deposited the semen. The State's expert, Sergeant Fred Zain, a forensic serologist for the state police, testified that his testing of unstained areas of the exhibits also revealed type A characteristics, leading him to conclude that the presence of those characteristics in the seminal stains was the result of a false reading due to bacterial contamination and that the genetic markers found in the seminal stains were not inconsistent with those found in the appellant's blood. Each expert admitted the possibility that the other's conclusion was correct.

The rule in regard to determining the sufficiency of the evidence to support a criminal conviction is well-settled:

In a criminal case, a verdict of guilt will not be set aside on the ground that it is contrary to the evidence, where the state's evidence is sufficient to convince impartial minds of the guilt of the defendant beyond a reasonable doubt. The evidence is to be viewed in the light most favorable to the prosecution. To warrant interference with a verdict of guilt on the ground of insufficiency of evidence, the court must be convinced that the evidence was manifestly inadequate and that consequent injustice has been done.

Syllabus point 1, *State v. Starkey*, 161 W.Va. 517, 244 S.E.2d 219 (1978). Resolving the conflict in the expert testimony in favor of the State, we find that the scientific evidence does not conclusively demonstrate the appellant's innocence. When the remainder of the evidence adduced at trial is considered in the same light, it is clearly sufficient to convict of the crime of second-degree sexual assault beyond a reasonable doubt. Accordingly, we find no manifest inadequacy in the evidence which would warrant the reversal of the conviction on this ground.

### III.

The appellant also contends that reversible error was committed at trial which entitles him to a new trial. He first contends that the trial court erred in refusing to give an instruction advising the jury that if they believed the case against the appellant rested only on the testimony of the victim, they should scrutinize her testimony with care. We have held that the failure to give such an instruction is reversible error where the testimony of the prosecuting witness is uncorroborated. *State v. Payne*, 167 W.Va. 252, 280 S.E.2d 72 (1981); *State v. Garten*, 131 W.Va. 641, 49 S.E.2d 561 (1948); *State v. Perry*, 41 W.Va. 641, 24 S.E. 634 (1896). However, we have also held that "[w]here the testimony of the victim of a sexual offense is corroborated to some degree, it is not reversible error to refuse a cautionary instruction that in-

forms the jury that they should view such testimony with care and caution." Syllabus point 2, *State v. Ray*, 171 W.Va. 383, 298 S.E.2d 921 (1982). The testimony of the victim need only be "corroborated in material facts which tend to connect the accused with the crime, sufficient to warrant the jury in crediting the truth of [her] testimony" and need not to amount to "independent evidence which supports the alleged ultimate fact that the accused committed the offense charged." 171 W.Va. at 387, 298 S.E.2d at 925; Syllabus point 3, in part, *State v. Vance*, 164 W.Va. 216, 262 S.E.2d 423 (1980).

Here, the appellant admitted that the complaining witness was at his residence at the time the alleged offense occurred. Mrs. Watson testified that E.W. came to her home in a state of emotional upset shortly thereafter claiming that the appellant had raped her. Mrs. Shaffer testified that E.W. appeared at her door just a bit later, visibly distraught, and told her the same story. The police and medical reports confirm the descriptions of these two witnesses as to the complainant's mental state and physical injuries. Her missing shoe and jacket were found at the appellant's residence the following day. We hold that there was sufficient corroboration of the victim's testimony and that the appellant's assignment of instructional error was without merit.

Finally, the appellant contends that the assistant prosecuting attorney made certain improper remarks in the course of closing argument. The record reveals, however, that no objection was made to the remarks and that the judge was not afforded an opportunity to correct any possible error during trial.

"Failure to make timely and proper objection to remarks of counsel made in the presence of the jury, during the trial of a case, constitutes a waiver of the right to raise the question thereafter either in the trial court or in the appellate court." Point 6, Syllabus, *Yuncke v. Welker*, 128 W.Va. 299 [36 S.E.2d 410 (1945)].

Syllabus point 7, *State v. Cirullo,* 142 W.Va. 56, 93 S.E.2d 526 (1956). *See State v. Lewis,* 133 W.Va. 584, 57 S.E.2d 513 (1949); *State v. Fisher,* 123 W.Va. 745, 18 S.E.2d 649 (1941); *State v. Clifford,* 58 W.Va. 681, 52 S.E. 864 (1906). Accordingly, we decline to address this assignment of error on appeal.

### IV.

In summary, we conclude that the consecutive sentences imposed for the offenses of abduction with intent to defile and sexual abuse in the first degree were constitutionally impermissible as violative of double jeopardy principles, and we reverse the judgment of the Circuit Court of Kanawha County on that ground. We find no error, however, warranting reversal of the second-degree sexual assault conviction. Accordingly, we remand this case to the trial court for resentencing on that charge. *See State v. Williams,* 172 W.Va. 295, 305 S.E.2d 251 (1983); *State v. Fairchild,* 171 W.Va. 137, 298 S.E.2d 110 (1982).

REVERSED AND REMANDED.