478 S.E.2d 347

**Virginia Jean JOHNSON and James Wilson Johnson, Plaintiffs Below, Appellants,**

v.

**Eugene GARLOW, Defendant Below, Appellee.**

**No. 23297.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 24, 1996.

Decided Oct. 11, 1996.

William W. Pepper, Mathew J. Hayes, Pepper & Nason, Charleston, for Appellants.

David A. Mohler, Campbell, Woods, Bagley, Emerson, McNeer & Herndon, Charleston, for Appellee.

**PER CURIAM:**

The plaintiffs below and appellants herein, Virginia Johnson and James Wilson Johnson, her spouse, appeal the denial of their post-trial motion for judgment notwithstanding the verdict or for a new trial. The plaintiffs filed this action seeking to recover damages for personal injuries attributed to an automobile accident involving the defendant below and appellee herein, Eugene Garlow. The defendant stipulated to liability and certain medical expenses, but the jury did not award any damages to the plaintiffs. During post-trial proceedings, the trial court granted plaintiffs an additur for the stipulated medical expenses. The plaintiffs now seek a new trial on the issue of damages above the trial court's additur.

## I.

## FACTUAL AND PROCEDURAL HISTORY

The facts of this case are not in dispute. On December 8, 1989, the defendant was traveling in snowy weather eastward on Route 60 near St. Albans, when his car went into a skid and rear-ended a car being driven by Virginia Johnson.[1] As a result of the collision, Mrs. Johnson was taken to the emergency room at Thomas Memorial Hospital, where she was treated for pain in her neck, shoulder, left wrist, and head. Mrs. Johnson was released from the hospital within hours after her arrival. The day following the accident Mrs. Johnson visited Charleston

---

1. Mr. Johnson was not in the car at the time of the accident. A female companion of Mrs. Johnson was in her car; the companion is not a party to this action.

Area Medical Center complaining of headaches and back pains. She was given pain medication and sent home.

In 1991, the plaintiffs filed the instant suit. Mrs. Johnson alleged she incurred medical expenses of approximately $21,003.81, due to the accident with the defendant. Mr. Johnson joined the suit seeking to recover for loss of consortium. The case went to trial on March 13, 1995. Prior to the start of trial, the plaintiffs moved *in limine* to preclude any testimony regarding past civil suits by them.[2] The trial court granted the motion and ordered that no questions were to be asked of witnesses regarding prior lawsuits by the plaintiffs. However, based upon an argument by the defendant that Mrs. Johnson failed to disclose in discovery interrogatories that she filed lawsuits in 1972 and 1983, the trial court indicated the defendant could impeach the plaintiff by asking her whether she falsely answered a discovery interrogatory. Additionally, the trial court held the defendant could question Mrs. Johnson regarding inconsistent statements involving prior neck injury claims, without mentioning the underlying lawsuits.

Several times during the trial, the plaintiffs moved for a mistrial due to alleged violations by the defendant of the trial court's order that no testimony of prior lawsuits be elicited. The trial court denied each such motion. At the close of all the evidence, the jury was instructed that the parties had stipulated that the defendant was 100 percent at fault in causing the accident; that the initial emergency room treatment and follow-up visits were reasonable (an admission of liability for $1,244 only); and that the jury was to return verdicts on several damage questions propounded in the verdict form. The jury returned with a damage verdict for the defendant. However, the trial court amended the verdict and awarded the plaintiffs the stipulated medical cost of $1,244, plus interest, which totaled an additur of $1,897.11. The plaintiffs assign as error the trial court's denial of their mistrial motions and their post-trial motion for judgment notwithstanding the verdict[3] or for a new trial on damages above the additur.

## II.

## DISCUSSION

We start out by noting that in Syllabus Point 2 of *Young v. Duffield*, 152 W.Va. 283, 162 S.E.2d 285 (1968), *overruled on other grounds*, *Tennant v. Marion Health Care Foundation, Inc.*, 194 W.Va. 97, 459 S.E.2d 374 (1995), we stated:

> " 'It takes a stronger case in an appellate court to reverse a judgment awarding a new trial than one denying it and giving judgment against the party claiming to have been aggrieved.' Point 1, Syllabus, *The Star Piano Co. v. Brockmeyer*, 78 W.Va. 780[, 90 S.E. 338 (1916) ]."

> In reviewing a trial court's denial of a motion for judgment notwithstanding the verdict, it is not the task of the appellate court reviewing facts to determine how it would have ruled on the evidence presented. Its task is to determine whether the evidence was such that a reasonable trier of fact might have reached the decision below. Thus, in ruling on a denial of a motion for judgment notwithstanding the verdict, the evidence must be viewed in the light most favorable to the nonmoving party. If on review, the evidence is shown to be legally insufficient to sustain the verdict, it is the obligation of the appellate court to reverse the circuit court and to order judgment for the appellant."

While the plaintiffs' brief asserts as grounds for relief the trial court's denial of their motion for judgment notwithstanding the verdict, it appears the trial court, in fact, did grant judgment to the plaintiffs when it provided an additur to the verdict. The issue is therefore moot.

---

**2.** Mrs. Garlow had filed four other personal injury lawsuits arising from various incidents: (1) a 1972 automobile accident; (2) a 1983 automobile accident; (3) a 1986 slip and fall; and (4) a 1995 automobile accident. Mr. Johnson also had filed four other lawsuits arising from various incidents independent of his wife's lawsuits: (1) a 1989 slip and fall; (2) another 1989 slip and fall; (3) a 1993 slip and fall; and (4) a 1995 slip and fall. The record also indicates the plaintiffs' two children have each filed at least one lawsuits arising from an automobile accident.

**3.** In Syllabus Point 1 of *Alkire v. First National Bank of Parsons*, 197 W.Va. 122, 475 S.E.2d 122 (1996), this Court held:

"The standard of review recited in Syllabus Point 1 in *Mildred L.M. v. John O.F.*, 192 W.Va. 345, 452 S.E.2d 436 (1994) and in Syllabus Point 1 in *Barefoot v. Sundale Nursing Home*, 193 W.Va. 475, 457 S.E.2d 152 (1995), and their progeny, is clarified to read as follows:

As stated in Syllabus Point 4 of *Young v. Duffield, supra,* we have long held that:

"An appellate court is more disposed to affirm the action of a trial court in setting aside a verdict and granting a new trial than when such action results in a final judgment denying a new trial."

Additionally, " ' "[w]here a verdict does not include elements of damage which are specifically proved in uncontroverted amounts and a substantial amount as compensation for injuries and the consequent pain and suffering, the verdict is inadequate and will be set aside. *Hall v. Groves,* 151 W.Va. 449, 153 S.E.2d 165 (1967)." *King v. Bittinger,* 160 W.Va. 129, 231 S.E.2d 239, 243 (1976).' Syllabus Point 1, *Kaiser v. Hensley,* 173 W.Va. 548, 318 S.E.2d 598 (1983)." Syl. Pt. 2, *Maynard v. Napier,* 180 W.Va. 591, 378 S.E.2d 456 (1989); We indicated in Syllabus Point 3 of *Walker v. Monongahela Power Company,* 147 W.Va. 825, 131 S.E.2d 736 (1963) that:

"In determining whether the verdict of a jury is supported by the evidence, every reasonable and legitimate inference, fairly arising from the evidence in favor of the party for whom the verdict was returned, must be considered, and those facts, which the jury might properly find under the evidence, must be assumed as true." [4]

In addressing the issue of a motion for mistrial, we have held in Syllabus Point 9 of *Board of Education of McDowell County v. Zando, Martin & Milstead, Inc.,* 182 W.Va. 597, 390 S.E.2d 796 (1990):

" 'Whether a motion for a mistrial should be sustained or overruled is a matter which rests within the trial court's discretion and the action of the trial court in ruling on such a motion will not be cause for reversal on appeal unless it clearly appears that such discretion has been abused.' Syllabus Point 4, *Moore, Kelly &*

Reddish, *Inc. v. Shannondale, Inc.,* 152 W.Va. 549, 165 S.E.2d 113 (1968)."

■ The first contention raised by the plaintiffs is that during jury selection and periodically during the course of the trial, counsel for the defendant would speak extremely loud during bench conferences to the extent that the jury could hear matters pertaining to the trial court's *in limine* ruling on prior litigation by the plaintiffs. In Syllabus Point 5 of *State v. Davis,* 180 W.Va. 357, 376 S.E.2d 563 (1988), we stated:

" ' "Failure to make timely and proper objection to remarks of counsel made in the presence of the jury, during the trial of a case, constitutes a waiver of the right to raise the question thereafter either in the trial court or in the appellate court." Point 6, Syllabus, *Yuncke v. Welker,* 128 W.Va. 299 [36 S.E.2d 410 (1945) ].' Syllabus point 7, *State v. Cirullo,* 142 W.Va. 56, 93 S.E.2d 526 (1956)."

While plaintiffs' brief sets out several examples where it is indicated during bench conferences that defense counsel was speaking too loud, the record does not show that any such incident was preserved for appellate review by a proper objection and ruling on the issue by the trial court. We find, therefore, that under *Davis,* this issue was waived. This Court has consistently maintained that failure to make a timely objection seriously impairs the right to subsequently raise the objection.

■ The next matter urged on this Court involves comments by defense counsel during his opening statement which mentioned a prior litigation by Mrs. Johnson. The pertinent language of defense counsel's remarks, as set out in the plaintiffs' brief, is as follows:

---

**4.** In Syllabus Point 3 of *In re State Public Building Asbestos Litigation,* 193 W.Va. 119, 454 S.E.2d 413 (1994), *cert. denied,* — U.S. —, 115 S.Ct. 2614, 132 L.Ed.2d 857 (1995), we stated:

"A motion for a new trial is governed by a different standard than a motion for a directed verdict. When a trial judge vacates a jury verdict and awards a new trial pursuant to Rule 59 of the *West Virginia Rules of Civil Procedure,* the trial judge has the authority to

weigh the evidence and consider the credibility of the witnesses. If the trial judge finds the verdict is against the clear weight of the evidence, is based on false evidence or will result in a miscarriage of justice, the trial judge may set aside the verdict, even if supported by substantial evidence, and grant a new trial. A trial judge's decision to award a new trial is not subject to appellate review unless the trial judge abuses his or her discretion."

"And that is a legal document [interrogatories], ladies and gentleman, that I as a lawyer send the other side to find out, have there been any other problems; have there been any other complaints before this. And this is a document that she signed and she's verified after this case was called and the question was, 'Had you ever in fact retained an attorney or consulted with an attorney about bringing a lawsuit before this one, before this one in 1989?'

"And ladies and gentlemen, you will get to hear her say that, yes, in fact she testified, she answered that question falsely about that on her response about that previous lawsuit. You will get to hear her testify about that."

The record indicates the above remarks were not timely objected to by the plaintiffs and only became an issue during a bench conference involving an objection made by plaintiffs to later remarks of defense counsel. The plaintiffs raised an objection to comments by defense counsel which suggested that the weather caused the accident. The plaintiffs objected to these comments on the grounds that the parties had already stipulated liability. During the bench conference, the trial court sustained this objection.[5] After so doing, the following exchange occurred during the bench conference and during a recess *in camera:*

"THE COURT: While we're here, I don't know whether you're going to mention anything about the previous lawsuits—

"[DEFENSE COUNSEL]: I haven't. That was the interrogatory question that she answered falsely.

"THE COURT: Well, you can ask whether it's true that she answered this question falsely, but without referring to

any lawsuits. The jury has no idea whether there was a lawsuit or whether there was taking of a statement or just what it was. A witness might be under oath in which a lawsuit was never filed.

"[DEFENSE COUNSEL]: Your Honor, that was false. She's got to admit that it's false and if she doesn't, I've got her.

"THE COURT: If she denies that she ever said it then you can impeach her.

"[DEFENSE COUNSEL]: Right. Well, Judge, I'll move on, okay? I think I have a right to say that there was a rear end accident and what happened afterwards.

"[PLAINTIFFS COUNSEL]: Your Honor, I predicted that [defense counsel] would do this. He did it. You saw him do it. Now I have to move for a mistrial with this particular jury panel because he overstepped his bounds. The Court can deny it if it wishes to, but I knew he would do it. They already know too much now.

"[DEFENSE COUNSEL]: Oh, come on.

"THE COURT: I'm not going to grant a mistrial—

"[DEFENSE COUNSEL]: Judge, you can give them a cautionary instruction, if anything. Second of all, I have a right to tell the jury what they answered falsely, they answered something falsely. They don't know what the substance was. You can give them a cautionary instruction about that.

"[PLAINTIFFS COUNSEL]: That ain't going to cure it at all.

\* \* \*

(Jury in recess).

"[DEFENSE COUNSEL]: I was just trying to tell them what happened. We stipulated these photographs to show the jury too.

"[PLAINTIFFS COUNSEL]: That's fine. But now he's trying to say it was snowing and he couldn't get—it was a bad day and, you know, that's mitigation on the liability and he's trying to—

"THE COURT: I'll sustain the objection concerning getting over into liability—"

---

**5.** The following exchange occurred during the bench conference on this issue:

"[PLAINTIFFS COUNSEL]: Your honor, he mentioned the slip and fall at Krogers, the implication being that she filed a slip and fall at Krogers. That's okay. But now he's admitted liability. Now he's trying to mitigate damages saying it was snowing and he didn't mean to do it or that he didn't do it. And they stipulated. He's trying to mitigate damages right now, and that's wrong.

"THE COURT: To take up the matter of Johnson versus Garlow. In camera and out of the hearing of the jury.

"Concerning the opening statement by defense to which an objection was raised although it's not necessarily the matter that I took up. I granted the motion in limine concerning opening statements and I think that the opening statement of defense not only went beyond that, but I think it was wilful and contumacious. I just said not to do that and it was done.

"I don't believe I'm going to grant a mistrial, and by placing counsel on notice that I believe that it was contumacious and that counsel imperil being cited for that and I don't have time to sort it out. I want to get going. I want to bring the jury back in and resume this trial.

"I'm going to curtail and cut off any further opening. We'll go right to calling the first witness. And to that ruling, I'll note defense's objection to that. Bring the jury in. I'll note plaintiffs' objection as well to my ruling.

\* \* \*

*In the Presence of the Jury*
\* \* \*

"THE COURT: I'm going to instruct the jury to disregard that portion of opening statement just before the objection about prior inconsistent statements."

The defendant presents two arguments regarding mentioning prior litigation during his opening statement. First, the defendant contends the plaintiffs did not object to the remarks. The defendant argues the plaintiffs objected only to the comments made that suggested bad weather caused the accident. The defendant would urge that the plaintiffs have waived any error caused by the remarks by their failure to object to the remarks during the trial. Second, the defendant contends that to the extent that the

plaintiffs properly preserved the issue for appellate review, the error in making the remarks was cured by the trial court's instruction to the jury that the remarks be disregarded.

The defendant references to our holding in Syllabus Point 1 of *State ex rel. Harrah v. Walker*, 137 W.Va. 849, 74 S.E.2d 679 (1953), wherein we held that:

"Improper remarks of counsel in an opening statement, counteracted by proper instructions to the jury by the court, may only be urged as grounds for the award of a new trial where it appears, from the facts and circumstances of the particular case, that manifest prejudice has resulted."

The defendant takes the position that manifest prejudice did not result from this assignment of error.[6] We need not determine if manifest prejudice resulted from this issue. The record is clear that the plaintiffs made absolutely no objection to the particular remarks urged on appeal. The objection below by plaintiffs was narrowly confined to defense counsel's efforts to inform the jury of mitigating factors that were involved with the accident. This issue has not been presented to this Court as an assignment of error. The issue that plaintiffs attempt to present through the "backdoor" to this Court was not objected to during the trial. Any error stemming from the same was therefore waived for appellate review purposes. *Davis, supra.*

The plaintiffs' second motion for a mistrial came on the second day of trial and at the conclusion of the cross-examination of Mrs. Johnson. During an *in camera* hearing on the motion, the plaintiffs contend that defense counsel violated the trial court's *in limine* ruling on mentioning prior litigation by (1) using the phrase "slip and fall at Krogers" fifteen times during the cross-examination of Mrs. Johnson, (2) using the term "complaint" when referring to past acci-

---

6. As additional support for this assignment of error, the plaintiffs point out that defense counsel made eight references to the "slip and fall at Krogers" incident. The record indicates that the plaintiffs made no objection at trial to any of these references. Additionally, the record reveals that during the plaintiffs' opening state-

ment, the plaintiffs in fact informed the jury that Mrs. Johnson had an auto accident in 1972 and 1983 and that she fell in 1986. The plaintiffs will not be heard to complain on appeal about matters to which they opened the door. Syl. Pt. 1, *State v. Compton*, 167 W.Va. 16, 277 S.E.2d 724 (1981) (per curiam).

dents, and (3) standing near the jury while reading from a highlighted set of interrogatories from a past litigation. The trial court responded to the motion as follows:

"THE COURT: What he may have had in his hand, I don't know, because as you were standing and illustrating, this Bench faces the jury.

"Now, the word 'complaint' has a different meaning perhaps to us lawyers than it does to lay persons. The word 'complaint' to you and I may well mean a pleading that is filed in court, which replaced what used to be known as a declaration.

"I don't know if that's particularly meaningful to a lay person on a jury. In that regard, I'm almost ready to congratulate [defense counsel] on modifying and changing in conformity to what I had ruled earlier.

"I'll take your renewed motion under advisement again, but I do want to move on.

\* \* \*

"[DEFENSE COUNSEL]: This is what I was holding. They made the same, both of these people made the same complaints in connection with this '86 lawsuit that she couldn't ride the ATV and so forth, couldn't go to the home in Jackson County, couldn't do any of that stuff, and that was the answer to an interrogatory.

"The page that I was holding is in no way, all it has is writing and highlights. There's no way anybody can see what that is, that highlighted page, other than—

"THE COURT: I don't want to take these matters up in the middle of trial. For the time being the motion for mistrial is denied."

The record in this case indicates that during the direct examination of Mrs. Johnson, her counsel had her testify as follows:

"Q. Mrs. Johnson, you were involved in an automobile accident as early as 1972?

"A. Yes.

\* \* \*

"Q. Then in 1987, did you have a serious fall, 1986 or 87?

"A. I fell at Krogers, yes."

In addition to questioning Mrs. Johnson about prior accidents (not litigation) during direct examination, plaintiffs' counsel also questioned her about the type of problems she had as a result of the past accidents. We have held in Syllabus Point 2, in part, of *State v. Bowman*, 155 W.Va. 562, 184 S.E.2d 314 (1971):

"An appellant or plaintiff in error will not be permitted to complain of error in the admission of evidence which he offered or elicited[.]"

Because plaintiffs' counsel opened the door to the defense's cross-examination by questioning Mrs. Johnson on direct examination about past accidents and the problems associated therewith, the plaintiffs may not complain of error in the defense's exploration on cross-examination of these matters when it touches the same subjects as brought out by the plaintiffs on direct examination. *State v. McWilliams*, 177 W.Va. 369, 375, 352 S.E.2d 120, 126 (1986). Additionally, no where in the record is it indicated that plaintiffs objected during cross-examination to any of the matters urged for mistrial at the *in camera* hearing. This assignment of error is without merit.

■■■ The plaintiffs' next motion for a mistrial involved the following exchange on cross-examination between Mr. Johnson and defense counsel:

"Q. Isn't it true that you contended, as well as your wife, after that particular accident [the '86 slip and fall] that she was unable to engage in her normal and customary recreational pursuits and family activities enjoyed prior to the accident, and that the quality of her life has been substantially reduced as a result thereof? Didn't you also claim that—

"A. No, sir, I did not. I have not made no statements like that. Do you have a deposition showing that?

"Q. May we approach the bench, Your honor? I think we do."

During the bench conference, defense counsel informed the trial court that he had a prior pleading which showed that Mr. Johnson made the allegations that he denied on the witness stand. The trial court thereafter called a recess. An *in camera* hearing was held wherein Mr. Johnson was confronted with the prior pleading. Mr. Johnson thereafter recanted his earlier denial. When the jury returned, the trial court instructed the jury that Mr. Johnson had in fact recanted his earlier denial of making certain allegations about his spouse. Prior to the jury returning, however, plaintiffs' counsel again moved for a mistrial. The basis this time was that defense counsel had been questioning Mr. Johnson from a prior pleading and that the jury would have surmised this. The plaintiffs contended this was a violation of the court's *in limine* ruling on mentioning prior litigation. The plaintiffs also contended that the questioning put forth by defense counsel would force Mr. Johnson to acknowledge before the jury that there was in fact at least one prior litigation by the plaintiffs.[7] The court responded to the motion for mistrial as follows:

"THE COURT: Motion for mistrial overruled. A question to a witness as to whether or not a plaintiff complained on a previous occasion of such symptoms is a proper question.

"You don't have to ask whether or not a plaintiff made a complaint to his physician because symptoms can be learned from other persons besides a physician.

"People complain to their colleagues, they complain at work, they complain to their physicians, and so it's a proper question[.]"

In Syllabus Point 5 of *Addair v. Bryant*, 168 W.Va. 306, 284 S.E.2d 374 (1981), we stated:

"While a specific foundation need not initially be made to impeach a witness with a prior inconsistent statement, the witness must be informed of the general nature of his prior inconsistent statement, and be afforded the opportunity to explain or deny the same. There is also a right, if requested, on the part of his counsel to see any prior written statement or to have disclosed the contents of a prior inconsistent oral statement during the course of interrogation. All of the above is subject to the sound discretion of the trial court."

We again interpreted Rule 613 of the West Virginia Rule of Evidence in Syllabus Point 4 of *State v. Schoolcraft*, 183 W.Va. 579, 396 S.E.2d 760 (1990):

"Where the witness cannot recall the prior statement or denies making it, then under W.Va.R.Evid. 613(b), extrinsic evidence as to the out-of-court statement may be shown—that is, the out-of-court statement itself may be introduced or, if oral, through the third party to whom it was made. However, the impeached witness must be afforded an opportunity to explain the inconsistency."

In the instant matter, we find no abuse of discretion in the trial court's ruling on the plaintiffs' third motion for mistrial. Clearly the prior pleading was used properly as extrinsic evidence to impeach Mr. Johnson.[8]

---

**7.** The plaintiffs also argued in their brief that defense counsel questioned Mr. Johnson using the phrase "loss of consortium." The record indicates this issue was taken up during the motion for mistrial. The record also reveals that the issue urged in this appeal was a matter that occurred during the *in camera* questioning of Mr. Johnson. The trial court had called a recess and the *in camera* proceeding was held in chambers. Defense counsel actually used the phrase during the *in camera* questioning of Mr. Johnson. The record also indicates that once the trial court informed the jury that Mr. Johnson had recanted his earlier denial, defense counsel did not question him further. We find no merit to bringing up the fact on appeal that defense counsel used the phrase "loss of consortium" during an *in camera* hearing. "[C]asual mention of an issue

in a brief is cursory treatment insufficient to preserve the issue on appeal." *State v. Lilly*, 194 W.Va. 595, 605 n. 16, 461 S.E.2d 101, 111 n. 16 (1995). (Citation omitted).

**8.** In Syllabus Point 10 of *Ratlief v. Yokum*, 167 W.Va. 779, 280 S.E.2d 584 (1981), we stated:

"Interrogatory answers can be used for evidentiary purposes since Rule 33, West Virginia Rules of Civil Procedure, states that 'the answers may be used to the extent permitted by the rules of evidence.' One recognized use of interrogatory answers is to impeach a witness with his prior inconsistent statement."

We see no basis to find that answers to interrogatories may be used for impeachment purposes, but deny the use of a prior complaint for such a purpose.

An *in camera* hearing was held on the matter. Plaintiffs' counsel had an opportunity to view the complaint, and Mr. Johnson was given an opportunity to refresh his recollection on the matter. After refreshing his recollection, Mr. Johnson recanted his earlier denial. The trial court instructed the jury on the recantation. Mr. Johnson was not further questioned by defense counsel. We find no merit to the argument raised by the plaintiffs.

■ The plaintiffs moved for a fourth mistrial at the conclusion of their case-in-chief. The record indicates the motion was based upon what the plaintiffs perceived as violations of the trial court's *in limine* ruling by defense counsel throughout their case-in-chief.[9] The trial court denied this fourth motion for a mistrial. From a practical standpoint, the plaintiffs' fourth motion for a mistrial was nothing more than an allegation that the cumulative effect of alleged *in limine* violations by the defendant required a new trial. In Syllabus Point 8 of *Tennant, supra,* we stated:

> "The cumulative error doctrine may be applied in a civil case when it is apparent that justice requires a reversal of a judgment because the presence of several seemingly inconsequential errors has made any resulting judgment inherently unreliable."

Insofar as this Court has not found any error below, the trial court properly denied the motion for mistrial based upon the cumulative effect of the alleged *in limine* violations.

■ The final assignment of error is that the trial court should have granted the plaintiffs' motion for a new trial because the jury failed to provide a verdict for them, even though certain expenses had been stipulated. The plaintiffs rely on a line of case including Syllabus Point 1 of *Delong v. Albert,* 157 W.Va. 874, 205 S.E.2d 683 (1974), where we held:

> "Where liability is not in issue and the verdict of the jury does not cover the actual pecuniary loss properly proved and it can be clearly ascertained that the verdict is inadequate, such verdict will be set aside."

*See also* Syl. Pt. 4, *Gebhardt v. Smith,* 187 W.Va. 515, 420 S.E.2d 275 (1992). However, we equally have held in Syllabus Point 1 of *Kaiser v. Hensley,* 173 W.Va. 548, 318 S.E.2d 598 (1983):

> "In an appeal from an allegedly inadequate damage award, the evidence concerning damages is to be viewed most strongly in favor of the defendant."

The defendant points out that any error which may have occurred in the jury's failure to return stipulated expenses was corrected by the trial court's additur, which covered the amount stipulated. The defendant further contends that the jury's verdict was based upon evidence that all the physical ailments alleged by Mrs. Johnson were matters that she had complained of since at least 1972. The defendant presented the video depositions of four doctors who testified to treating Mrs. Johnson in the past for all of the ailments she attributed to the accident with the defendant. Further, the defendant presented evidence to show that all of the nonmedical claims made by both plaintiffs were matters that had been complained of by them from 1972 up to the time of the accident with the defendant. We find that the trial court did not abuse its discretion in

---

9. In this appeal, the plaintiffs have attempted to use a matter that occurred *in camera* as support for their fourth motion for mistrial—this matter was not urged below. After the plaintiffs' last witness left the stand, defense counsel requested an opportunity to recall Mrs. Johnson to question her again about an inconsistent statement. The trial court believed the line of questioning that was proposed would be a direct violation of its *in limine* ruling. Therefore, the trial court denied defense counsel's request to recall Mrs. Johnson. The plaintiffs are now urging this Court to look at this *in camera* matter and rule this was a basis for a mistrial. The defendants failed to object below to anything stemming from this *in camera* hearing. We stated in Syllabus Point 3 of *O'Neal v. Peake Operating Co.,* 185 W.Va. 28, 404 S.E.2d 420 (1991): " 'Where objections were not shown to have been made in the trial court, and the matters concerned were not jurisdictional in character, such objections will not be considered on appeal.' " (Citation omitted). Moreover, we note that, on appeal, the plaintiffs have failed to provide any argument in support of this issue. Accordingly, this issue of error is deemed waived. Syl. Pt. 6, *Addair.* ("[a]ssignments of error that are not argued in the briefs on appeal may be deemed by this Court to be waived").

denying the plaintiffs' motion for a new trial. Syl. Pt. 9, *Board of Educ. of McDowell County, supra* (" '[w]hether a motion for a mistrial should be sustained or overruled is a matter which rests within the trial court's discretion and the action of the trial court in ruling on such a motion will not be cause for reversal on appeal unless it clearly appears that such discretion has been abused' "). (Citation omitted). Moreover, any lack of understanding the jury may have had with respect to stipulated expenses was in fact cured by the trial court's additur. *Bressler v. Mull's Grocery Mart,* 194 W.Va. 618, 620, 461 S.E.2d 124, 126 (1995) (where we held that when a jury failed "to understand the cost of an expert witness' fee, it is appropriate for the trial court to enter an additur").

## III.

## CONCLUSION

For the foregoing reasons, the judgment of the Circuit Court of Kanawha County is affirmed.

Affirmed.