473 S.E.2d 906

**Jacob LEASE, Plaintiff Below, Appellee,**

v.

**Mary G. BROWN, Defendant Below, Appellant.**

**No. 23166.**

Supreme Court of Appeals of West Virginia.

Submitted May 1, 1996.

Decided May 17, 1996.

---

Jacob Lease, pro se.

Tony Reilley, West Virginia Legal Services Plan, Inc., Morgantown, for Appellant.

PER CURIAM:

This is an appeal by appellant, Mary G. Brown, the defendant below, from a jury verdict setting aside a deed purporting to convey property she owned jointly with Jacob Lease, appellee/plaintiff below. The plaintiff filed this action in the Circuit Court of Monongalia County alleging that property he held jointly with the defendant had, by forgery or fraud, been conveyed to defendant's mother, who subsequently died and left the property to the defendant by will.[1] A jury returned a verdict for the plaintiff after finding the conveyance to defendant's mother was the result of forgery or fraud. The defendant brings this appeal alleging, in essence, one assignment of error: whether the trial court committed error in instructing the jury that the plaintiff had to prove forgery by a preponderance of the evidence.[2]

---

[1] The plaintiff was represented by counsel when this action was initiated. Prior to the trial, counsel for the plaintiff withdrew. The plaintiff continued this matter pro se. The plaintiff is illiterate, but was able to get an unnamed source to type out what the Court will treat as his brief in this appeal. The plaintiff is also proceeding pro se in this appeal.

[2] The defendant has couched this assignment of error into two parts: (1) the trial court committed error in not granting her motion notwithstanding the verdict by applying the preponderance of evidence standard to forgery and refusing to apply the clear and convincing evidence standard; and (2) the trial court committed error in not granting her motion for new trial when it improperly gave a preponderance of the evidence instruction on forgery. We will treat these issues as one, insofar as both issues ask this Court to determine the standard for proving forgery.

Finding that this assignment of error was waived by the defendant, we affirm.

## I.

The relevant facts of this case are traced back to 1975. At that time the plaintiff and defendant were living together in the Westover home of defendant's mother, Margaret B. Brown (Mrs. Brown). Additionally, the plaintiff and defendant had two children, David Brown and Joyce Brown, who also lived with them in the home of Mrs. Brown. On November 4, 1975, the plaintiff and defendant purchased a lot in the city of Westover. On August 20, 1976, the parties purchased another lot adjoining their first realty purchase. Both deeds gave each party the right of survivorship.[3] On March 5, 1981, Mrs. Brown executed a will wherein she left all her worldly goods to the defendant. A few months later, on May 12, 1981, a deed was executed purportedly by both parties, which conveyed their two lots to Mrs. Brown. This deed was executed before a notary public.[4] On January 24, 1989, Mrs. Brown died. The record indicates both parties continued to live in the home of Mrs. Brown after her death. The plaintiff testified that he did not learn of the conveyance of the two lots to Mrs. Brown until August of 1990. In that same month, the defendant left the plaintiff and moved to Ohio. The evidence indicated the defendant subsequently took measures to try and sell the two lots which she had inherited under her mother's will. The plaintiff filed this action in May of 1992, seeking to void and nullify the 1981 deed on the grounds that it was procured by forgery of his signature or fraud.

At trial the plaintiff testified, and the evidence bore out, that the 1981 deed was signed by Jacob C. Lease. The plaintiff testified that he did not sign the deed, that he did not have a middle initial "C", and that he did not learn of the 1981 deed until 1990. The plaintiff introduced a copy of his birth certificate which revealed that he did not have a middle name or initial. The plaintiff also introduced other documents bearing his name which did not have a middle initial. The plaintiff's daughter testified that, while the signature on the deed appeared to be the plaintiff's, she had never known him to use the initial "C" in his name, nor had she been aware that he had a middle initial or name. The plaintiff admitted that the two original deeds to the lots recited his name as Jacob C. Lease. However, the plaintiff testified that he had never actually seen the two original deeds when the two lots were purchased. According to the plaintiff, he had instructed the defendant to take care of the two lot purchases because he could neither read nor write—other than scribble his name. There was evidence that the defendant regularly signed the plaintiff's name on documents, due to his illiteracy. The defendant testified that the plaintiff used the initial "C" in his name until 1978. It was in 1978 that plaintiff obtained a copy of his birth certificate, for social security disability benefit purposes, which revealed that he had no middle initial or name. The defendant further testified that the two lots were conveyed to her mother, by both parties, because defendant was receiving public assistance, which was threatened to be cutoff if the two parties owned property. The defendant testified that her mother paid the plaintiff for his interest in the two lots. At the conclusion of the evidence, the jury returned a verdict for the plaintiff.

## II.

The defendant argues on appeal that the trial court committed error in instructing the jury that the plaintiff had to prove forgery by a preponderance of the evidence. The defendant contends that the law in West Virginia clearly establishes that forgery must be proven by clear and convincing evidence under our decisions in *Evans v. Bottomlee*, 150 W.Va. 609, 148 S.E.2d 712 (1966); *Hill v. Horse Creek Coal Land Co.*, 70 W.Va. 221, 73 S.E. 718 (1912); and *Swiger v. Swiger*, 58 W.Va. 119, 52 S.E. 23 (1905). We agree with the defendant but, for reasons discussed be-

---

3. The two lots were purchased with the intent of building a home on them for the parties and their two children. However, the evidence revealed that a semblance of a home did not actually take shape until 1989.

4. Neither party called the notary public as a witness.

low, we cannot reverse the lower court's judgment.

■ The argument and issue posed by the defendant fall short of the complete trial picture. The trial court instructed the jury on two recovery theories for the plaintiff: (1) forgery and (2) fraud. Interestingly, the jury was instructed that the plaintiff had to prove *fraud* by clear and convincing evidence. On the other hand, the jury was instructed that *forgery* had to be proven by a preponderance of the evidence. Neither party objected to the fraud instruction and only the forgery issue was preserved for appellate review. Indeed, during oral argument, counsel for the defendant indicated that he had drafted and submitted the fraud instruction.[5]

The only issue left for appellate resolution is whether the defendant can demonstrate prejudicial error in the submission of the forgery claim to the jury. We find that she cannot. The jury, based upon the verdict form, returned the following verdict:

"We the jury find for the plaintiff, Jacob Lease, in that the signature of the plaintiff on the May 12, 1981 deed was either a forgery or fraudulently obtained."

The record does not reveal that the defendant objected to the verdict form, nor does the record reveal that the defendant requested a verdict form that separated .the two theories. Thus, the jury could have found for the plaintiff based upon fraud alone or forgery alone, or both. We do not know. The defendant was the only party represented by counsel in this matter. The plaintiff is illiterate. The defendant, through counsel, knew or should have known that the verdict form presented a problem based upon her objection to the standard of proof on forgery. The defendant is now asking this Court to allow her to take advantage of a verdict form that it was incumbent upon her to object to,

based upon her representation of what the law is with respect to the standard of proof on forgery. This we refuse to do.

■ Our cases have made it abundantly clear that:

"Where a jury returns a general verdict in a case involving two or more liability issues and its verdict is supported by evidence on at least one issue, *the verdict will not be reversed, unless the defendant has requested and been refused the right to have the jury make special findings as to his liability on each of the issues.*"

Syl. Pt. 6, *Orr v. Crowder,* 173 W.Va. 335, 315 S.E.2d 593 (1983), *cert denied,* 469 U.S. 981, 105 S.Ct. 384, 83 L.Ed.2d 319 (1984). (Emphasis added.) *See also,* Syl. Pt. 5, *Johnson v. General Motors Corp.,* 190 W.Va. 236, 438 S.E.2d 28 (1993); Syl. Pt. 2, *Casteel v. Consolidation Coal Co.,* 181 W.Va. 501, 383 S.E.2d 305 (1989). Furthermore, in the recent case of *Barefoot v. Sundale Nursing Home,* 193 W.Va. 475, 492, 457 S.E.2d 152, 169 (1995), we stated that "a general verdict is valid so long as it is legally supportable on one or more of the theories submitted, even though that gives no assurance that a valid theory rather than an invalid one is the basis for the jury's action." Under harmless error analysis we cannot say that the erroneous forgery instruction as to the burden of proof was the theory of recovery found by the jury. As to fraud, it was the defendant who submitted such an instruction and any error stemming from its inclusion in the case has either been waived or deemed "invited error." *See* 1 Franklin D. Cleckley, *Handbook on Evidence for West Virginia Lawyers,* § 1–7(B)(6)(e) (3rd ed. 1994).

We, therefore, find no basis for overturning the judgment in the lower court. Ac-

---

5. The defendant, during oral argument, contended that there was no evidence to support a fraud verdict. Our standard for a sufficiency of evidence claim is set out in Syllabus Point 5 of *Orr v. Crowder,* 173 W.Va. 335, 315 S.E.2d 593 (1983), *cert. denied,* 469 U.S. 981, 105 S.Ct. 384, 83 L.Ed.2d 319 (1984), wherein we stated:

"In determining whether there is sufficient evidence to support a jury verdict the court should: (1) consider the evidence most favorable to the prevailing party; (2) assume that all conflicts in the evidence were resolved by the jury in favor of

the prevailing party; (3) assume as proved all facts which the prevailing party's evidence tends to prove; and (4) give to the prevailing party the benefit of all favorable inferences which reasonably may be drawn from the facts proved."

*See* Syl. Pt. 2, *Tanner v. Rite Aid of West Virginia, Inc.,* 194 W.Va. 643, 461 S.E.2d 149 (1995); Syl. Pt. 6, *McClung v. Marion County Commission,* 178 W.Va. 444, 360 S.E.2d 221 (1987). In view of the above standard, we are not convinced that a different verdict was warranted based on the evidence.

cordingly, the judgment of the Circuit Court of Monongalia County is affirmed.

Affirmed.