IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2015 Term

FILED

May 29, 2015

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 14-0339

STATE OF WEST VIRGINIA,
Plaintiff Below, Respondent

v.

ROBERT LEE LEWIS,
Defendant Below, Petitioner

Appeal from the Circuit Court of Kanawha County
Honorable Jennifer F. Bailey, Judge
Criminal Action Nos. 09-F-505 and 09-M-67

AFFIRMED

Submitted: April 8, 2015
Filed: May 29, 2015

Matthew A. Victor, Esq.
Victor, Victor & Helgoe LLP
Charleston, West Virginia
Counsel for the Petitioner

Patrick Morrisey, Esq.
Attorney General
Derek A. Knopp, Esq.
Assistant Attorney General
Charleston, West Virginia
Counsel for the Respondent

JUSTICE LOUGHRY delivered the opinion of the Court.

**SYLLABUS BY THE COURT**

1. "A criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syl. Pt. 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

2. "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995).

3. "The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997).

i

4. "The purpose of the Double Jeopardy Clause is to ensure that sentencing courts do not exceed, by the device of multiple punishments, the limits prescribed by the legislative branch of government, in which lies the substantive power to define crimes and prescribe punishments." Syl. Pt. 3, *State v. Sears*, 196 W.Va. 71, 468 S.E.2d 324 (1996).

5. "A defendant cannot be convicted of abduction under W.Va. Code, 61-2-14(b), if the movement or detention of the victim is merely incidental to the commission of another crime. The factors to be considered in determining whether the abduction is incidental to the commission of another crime are the length of time the victim was held or moved, the distance the victim was forced to move, the location and environment of the place the victim was detained, and the exposure of the victim to an increased risk of harm." Syl. Pt. 2, in part, *State v. Weaver,* 181 W.Va. 274, 382 S.E.2d 327 (1989).

6. "Where a defendant to a felony indictment, with the assent of the court and approval of the prosecuting attorney, pleads guilty to a lesser felony as charged in the indictment, receives sentence of penitenitary [sic] confinement and serves the term imposed, all without legal objection, he will be deemed to have waived irregularities of procedure and will not be heard to question the regularity of such conviction when the same is later relied upon by the state *pro tanto* in proceedings against him as a habitual criminal." Syl. Pt. 2, *Anderson v. McClintic*, 115 W.Va. 329, 175 S.E. 857 (1934).

7. "To justify the imposition, under the recidivist statute of this State, of a sentence in excess of the sentence provided for the principal offense, the previous conviction and sentence must be a valid conviction and sentence; and if such previous conviction and sentence are void they will not constitute the basis for the imposition of the punishment provided by such statute and, in that situation, such statute will be deemed to be wholly inapplicable." Syl. Pt. 2, *State ex rel. Whytsell v. Boles*, 149 W.Va. 324, 141 S.E.2d 70 (1965).

8. "There is a strong presumption in favor of the regularity of court proceedings and the burden is on the person who alleges irregularity to show affirmatively that such irregularity existed." Syl. Pt. 1, *State ex rel. Ashworth v. Boles*, 148 W.Va. 13, 132 S.E.2d 634 (1963).

9. "In the absence of some express language in our recidivist statute, W.Va. Code, 61-11-18, authorizing criminal convictions returned against the defendant at the same time to be separately enhanced by a prior felony, it may not be done and only one enhancement is permissible." Syllabus, *Turner v. Holland*, 175 W.Va. 202, 332 S.E.2d 164 (1985).

10. Where multiple sentences are imposed on a defendant arising out of multiple convictions rendered in the same criminal proceeding, and where there is a

iii

concomitant recidivist conviction, only one of the sentences may be subjected to a recidivist enhancement under *Turner v. Holland*, 175 W.Va. 202, 332 S.E.2d 164 (1985). The selection of the sentence to be enhanced is committed to the sound discretion of the trial court.

LOUGHRY, Justice:

This case is before us upon the appeal of the petitioner, Robert Lee Lewis, from the March 28, 2014, order of the Circuit Court of Kanawha County re-sentencing him[1] on his convictions for burglary, abduction with intent to defile, second degree sexual assault, violation of a domestic violence protective order, and recidivism. The petitioner seeks to set aside his conviction for abduction with intent to defile on the basis that the criminal offense set forth in West Virginia Code § 61-2-14(a) (2014) is unconstitutionally vague. He challenges his convictions for abduction with intent to defile and second degree sexual assault on grounds of double jeopardy. The petitioner's remaining assignments of error allege an insufficiency of the State's evidence to convict him of the crimes of burglary and second degree sexual assault, the inadequacy of the jury instruction on abduction with intent to defile, and errors related to his recidivist conviction and sentencing. Following a careful review of the briefs, the arguments of counsel, the record submitted, and the applicable law, this Court finds no reversible error and affirms the petitioner's convictions and attendant sentencing.

---

[1]The petitioner was re-sentenced for purposes of filing a timely petition for appeal.

1

## I. Facts and Procedural Background

Around 10:00 p.m. on March 26, 2009, the victim, L. F.,[2] was in her apartment with her boyfriend, Harry Jones, when she heard a knock at the front door. L.F. went to her front door wearing only a t-shirt. When the person at her door identified himself as "George," L.F.'s friend, the victim unlocked and opened the door far enough to say that she needed to get dressed. She immediately discovered that the person at her door was the petitioner, her former boyfriend against whom a domestic violence protective order was in place. This protective order required the petitioner to stay away from L.F., and it gave her sole possession of the apartment.[3]

Although L.F. attempted to close her front door, the petitioner kicked it open and entered the apartment. The victim ran toward her bedroom, but was caught by the petitioner, who forcibly carried her from the apartment as she screamed for help. Mr. Jones, who was naked at the time, witnessed the abduction and ran to the bedroom to retrieve his cellular telephone to call 911. Given his state of undress, he did not immediately pursue L.F. As he was telephoning the police, Mr. Jones attempted to observe where the petitioner was taking L.F., but lost sight of them. The police responded to Mr. Jones's 911 call and searched the general vicinity, but could not locate either the victim or her abductor.

---

[2]Pursuant to Rule 40(e)(1) of the West Virginia Rules of Appellate Procedure, we will refer to the victim by her initials.

[3]The petitioner had previously lived with L.F. in the apartment.

L.F. continued to struggle and scream for help as the petitioner carried her to an apartment located a couple of blocks away on Grant Street.[4] While at that apartment, which was unoccupied at the time, the petitioner had forcible vaginal intercourse with the victim, choking her as he held her down.[5] L.F. was uncertain as to how long she was in the Grant Street apartment. When an opportunity to escape arose, she ran barefoot back to her apartment, arriving around midnight. The petitioner followed the victim back to her apartment and sat on her front steps. According to the victim, the petitioner said she should telephone the police because he knew he was going to prison for rape and kidnapping.[6] The police were then contacted for the second time that evening.[7]

Following the second emergency call, the police returned to the victim's apartment and arrested the petitioner. L.F. was transported to the hospital where photographs of the bruising to her back, neck, chest, arms, and legs were taken. She left the hospital during the early morning hours of March 27, 2009.

---

[4]At one time, the victim lived with the petitioner in this Grant Street apartment.

[5]The victim also alleged that the petitioner forcibly engaged in oral sex upon her person. Although indicted for that offense, the jury found the petitioner "not guilty" of that charge.

[6]The petitioner's statement was also heard by Mr. Jones.

[7]It is unclear from the record whether it was the victim or Mr. Jones who made the second emergency call.

3

On July 31, 2009, a grand jury returned a six-count indictment against the petitioner, charging him with burglary by breaking and entering (Count One);[8] burglary by entering without breaking (Count Two);[9] kidnapping (Count Three);[10] second degree sexual assault (vaginal intercourse) (Count Four);[11] second degree sexual assault (oral intercourse) (Count Five);[12] and the willful and knowing violation of the terms of the domestic violence protective order (Count Six).[13] Prior to the commencement of the petitioner's trial on November 2, 2009, he pled guilty to Count Six. Thereafter, his trial proceeded on the remaining counts.

The State presented the testimony of the victim and Mr. Jones, who each testified consistently with the facts set forth above. The State's evidence also included the testimony of the police officers who responded to the 911 calls on the night in question, as well as the police photographs of the victim's front door, which showed signs of forcible entry, and the bruising to her back, neck, chest, arms, and legs.

---

[8]W.Va. Code § 61-3-11 (2014).

[9]*See supra* note 8.

[10]W.Va. Code § 61-2-14a (2005).

[11]W.Va. Code § 61-8B-4 (2014).

[12]*See supra* note 11.

[13]W.Va. Code § 48-27-903(2014).

At the close of the State's case-in-chief, the petitioner moved for an acquittal on all charges. The trial court denied the motion, and the petitioner did not call any witnesses in his defense. The jury returned its verdict, finding the petitioner guilty of burglary by entering without breaking (Count Two); abduction with the intent to defile, a lesser included offense of kidnapping (Count Three); and second degree sexual assault (Count Four). The petitioner was found not guilty on the remaining counts.

Prior to sentencing, the State filed a Recidivist Information against the petitioner. The State alleged that the petitioner was convicted of a felony in the state of Virginia in 1994. The Virginia documentation produced by the State showed that the petitioner was indicted for murder, but pled guilty to the lesser included felony offense of voluntary manslaughter. The documentation further showed that the Virginia court imposed a penitentiary sentence upon the petitioner for a term of ten years, with six years of that term suspended.[14]

On March 29, 2010, a recidivist trial was held. The State's evidence included documentation demonstrating that the petitioner was the same Robert Lee Lewis who was convicted of the felony in Virginia in 1994. The petitioner did not call any witnesses nor

---

[14]The Virginia court placed the petitioner on supervised probation for a period of five years. His probation was subsequently revoked, and he was ordered to serve the balance of his original ten-year sentence.

present any evidence. The jury returned a guilty verdict finding the petitioner "guilty of having been convicted of a crime punishable by confinement in a penitentiary as contained in [the] recidivist information."

During the sentencing hearing conducted on April 20, 2010, the trial court imposed upon the petitioner the following terms of imprisonment: one to fifteen years for burglary; three to ten years for abduction with intent to defile; and twelve months for violating the domestic violence protective order. In addition, based on the recidivist conviction, the trial court enhanced the petitioner's sentence for second degree sexual assault by increasing the statutory ten to twenty-five-year term of imprisonment[15] to twenty to twenty-five years, as provided for in West Virginia Code § 61-11-18 (2014), the recidivist sentencing statute. The trial court also ordered all sentences to be served consecutively with the exception of the twelve-month sentence, which was ordered to run concurrently with the other sentences. The petitioner's sentencing was reiterated in the trial court's order entered

---

[15]The statutory penalty for second degree sexual assault is set forth in West Virginia Code § 61-8B-4, which provides, in pertinent part, as follows:

> (b) Any person who violates the provisions of this section shall be guilty of a felony, and, upon conviction thereof, shall be imprisoned in the penitentiary not less than ten nor more than twenty-five years, or fined not less than one thousand dollars nor more than ten thousand dollars and imprisoned in the penitentiary not less than ten nor more than twenty-five years.

on April 27, 2010. An order re-sentencing the petitioner and appointing appellate counsel was entered on March 28, 2014. This appeal followed.

## II. Standard of Review

The petitioner asserts several assignments of error. A double jeopardy challenge is raised regarding his convictions for abduction with intent to defile and second degree sexual assault. As we have previously held, "a double jeopardy claim [is] reviewed *de novo*." Syl. Pt. 1, in part, *State v. Sears*, 196 W.Va. 71, 468 S.E.2d 324 (1996). Likewise, our review is necessarily plenary regarding the petitioner's claim that the abduction with intent to defile statute is unconstitutionally vague, as well as his alleged instructional error concerning abduction with intent to defile. *See* Syl. Pt. 1, *State v. Rutherford*, 223 W.Va. 1, 672 S.E.2d 137 (2008) ("The constitutionality of a statute is a question of law which this Court reviews *de novo*."); Syl. Pt. 1, in part, *State v. Hinkle*, 200 W.Va. 280, 489 S.E.2d 257 (1996) ("[T]he question of whether a jury was properly instructed is a question of law, and the review is *de novo*.").

The petitioner also challenges the sufficiency of the State's evidence against him on the charges of burglary and second degree sexual assault. In this regard, we observe that

> [a] criminal defendant challenging the sufficiency of the
> evidence to support a conviction takes on a heavy burden. An

7

appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled.

Syl. Pt. 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Lastly, the petitioner asserts evidentiary error during his recidivist trial and error in his recidivist sentencing based on an alleged ambiguity in the recidivist sentencing statute.[16] Evidentiary errors are reviewed under an abuse of discretion standard. *See* Syl. Pt. 4, *State v. Rodoussakis*, 204 W.Va. 58, 511 S.E.2d 469 (1998) ("A trial court's evidentiary rulings, as well as its application of the Rules of Evidence, are subject to review under an abuse of discretion standard."). Further, "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995). We also remain mindful that sentencing matters are generally reviewed "under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221

---

[16]West Virginia Code § 61-11-18.

8

(1997).  Indeed, "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review."  Syl. Pt. 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982).

Under these well-established precepts, we proceed to determine whether the petitioner is entitled to relief from his convictions and sentencing.

### III.  Discussion

### A.  Abduction with Intent to Defile - Double Jeopardy

The petitioner asserts that his conviction of abduction with intent to defile and related sentence cannot withstand a double jeopardy analysis.  As support for this contention, the petitioner relies upon *State v. Davis*, 180 W.Va. 357, 376 S.E.2d 563 (1988), wherein this Court reversed the defendant's conviction for abduction with intent to defile based on double jeopardy principles.  In *Davis*, the victim was detained for fifteen to thirty minutes and was moved a short distance inside the defendant's home to a bedroom where she was sexually assaulted.  This Court determined that the movement of the victim "was merely intended to facilitate the commission of the sexual assault . . .[,]" and, therefore, the abduction was "merely incidental or ancillary to the commission of another offense."  *Davis*, 180 W.Va. at 361, 376 S.E.2d at 567.  The petitioner argues that his "abduction" of L.F. was "only a short distance[;]" was "merely intended to facilitate the sexual assault upon her[;]" and was "accomplished in a short amount of time."

9

Asserting that the abduction was not merely incidental to the commission of the sexual assault, the State argues that the petitioner forcibly removed the victim from her home and took her against her will to another residence—precisely the type of harm the abduction statute was intended to protect against. The State further argues that the abduction statute[17] and the second degree sexual assault statute[18] require proof of essential elements that the other does not, which meets the test set forth in *Blockburger v. United States,* 284 U.S. 299 (1932).[19] Lastly, the State maintains that the petitioner has waived this argument by his failure to raise the issue below. We agree.

"The purpose of the Double Jeopardy Clause is to ensure that sentencing courts do not exceed, by the device of multiple punishments, the limits prescribed by the legislative branch of government, in which lies the substantive power to define crimes and prescribe punishments." Syl. Pt. 3, *Sears*, 196 W.Va. 71, 468 S.E.2d 324. "'The defense of double jeopardy may be waived [however] and the failure to properly raise it in the trial court

[17]West Virginia Code § 61-2-14(a) provides, in relevant part, that "[a]ny person who takes away another person, or detains another person against such person's will, with intent to . . . defile the person . . . shall be guilty of a felony . . . ."

[18]West Virginia Code § 61-8B-4 provides, in pertinent part, as follows: "(a) A person is guilty of sexual assault in the second degree when: (1) Such person engages in sexual intercourse or sexual intrusion with another person without the person's consent, and the lack of consent results from forcible compulsion[.]"

[19]In *Blockburger*, the Supreme Court stated that "[t]he applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." 284 U.S. at 304.

10

operates as a waiver.'" *State v. McGilton*, 229 W.Va. 554, 558, 729 S.E.2d 876, 880 (2012) (quoting *State v. Carroll*, 150 W.Va. 765, 769, 149 S.E.2d 309, 312 (1966)). As we have previously explained, this "raise or waive" rule

> is premised on the notion that calling an error to the trial court's attention affords an opportunity to correct the problem before irreparable harm occurs. There is also an equally salutary justification for the raise or waive rule: It prevents a party from making a tactical decision to refrain from objecting and, subsequently, should the case turn sour, assigning error (or even worse, planting an error and nurturing the seed as a guarantee against a bad result). In the end, the contemporaneous objection requirement serves an important purpose in promoting the balanced and orderly functioning of our adversarial system of justice.

*State v. LaRock*, 196 W.Va. 294, 316, 470 S.E.2d 613, 635 (1996).

The appendix record reflects that not only did the petitioner fail to raise double jeopardy below, he specifically requested that the jury be instructed on abduction with intent to defile, as a lesser included offense of kidnapping. Moreover, the record reflects that the petitioner approved the verdict form that allowed for a guilty verdict on both abduction with intent to defile and second degree sexual assault. Consequently, the petitioner cannot now complain of his tactical decision. Even if waiver were not evident from the record in this case, we nonetheless find no error.

In *State v. Trail*, 174 W.Va. 656, 328 S.E.2d 671 (1985), the defendant argued that his convictions for abduction with intent to defile and sexual assault violated principles

11

of double jeopardy because they constituted the same offense. We concluded that the "[a]bduction of a female with intent to defile, W.Va. Code § 61-2-14 (1977)[,] required an asportation or taking away that is not an element of sexual assault; sexual assault in the second degree, W.Va. Code § 61-8B-4 (1977), required sexual intercourse or penetration that was not an element of abduction." *Trail*, 174 W.Va. at 658, 328 S.E.2d at 673-74 (footnotes omitted).

A similar argument was addressed in *State v. Weaver,* 181 W.Va. 274, 382 S.E.2d 327 (1989). In *Weaver*, this Court ruled that

> [a] defendant cannot be convicted of abduction under W.Va. Code, 61-2-14(b), if the movement or detention of the victim is merely incidental to the commission of another crime. The factors to be considered in determining whether the abduction is incidental to the commission of another crime are the length of time the victim was held or moved, the distance the victim was forced to move, the location and environment of the place the victim was detained, and the exposure of the victim to an increased risk of harm.

*Weaver*, 181 W.Va. at 275, 382 S.E.2d at 328, syl. pt. 2. Applying these factors, we reasoned that the victim was "seized and detained by the defendant in excess of one hour" and was "moved a distance of some 150 yards . . . into thick underbrush[,]" which "surely increased [the victim's] risk of harm." *Id.* at 279, 382 S.E.2d at 332. Finding that the victim's abduction was not merely incidental to the sexual assault, we affirmed both convictions.

12

In applying the *Weaver* factors to the case at bar,[20] we observe that the petitioner forcibly removed the victim from her apartment on Russell Street and carried her to an apartment located on Grant Street where no one else was present. The absence of other persons in the Grant Street apartment clearly reduced the opportunity for anyone to come to the victim's aid and diminished the possibility of a rescue, as later evidenced by the inability of the police to find the victim after responding to Mr. Jones's 911 call. While at the Grant Street apartment, the petitioner sexually assaulted the victim. Although the victim could not recall precisely how long she was away from her home before she was able to escape, it appears to have been approximately two hours.[21] Under these circumstances, we are compelled to find that the petitioner's abduction of the victim was not merely incidental to

---

[20]Although syllabus point two in *Weaver* refers to subsection (b) of the abduction statute, which pertains solely to the abduction of a child under the age of sixteen years, we find the factors set forth in syllabus point two to be equally applicable to charges brought under subsection (a) of the abduction statute. 181 W.Va. 274, 382 S.E.2d 327, syl. pt. 2. We have applied similar factors where a defendant has been convicted of both kidnapping and another crime. *See* Syl. Pt. 2, in part, *State v. Miller*, 175 W.Va. 616, 336 S.E.2d 910 (1985) ("The general rule is that a kidnapping has not been committed when it is incidental to another crime. In deciding whether the acts that technically constitute kidnapping were incidental to another crime, courts examine the length of time the victim was held or moved, the distance the victim was forced to move, the location and environment of the place the victim was detained, and the exposure of the victim to an increased risk of harm.").

[21]This approximation is based on the first call for police assistance made by Mr. Jones when the victim was abducted, which was around 10:00 p.m., and the time when the victim was transported to the hospital, which was around midnight.

the sexual assault. Accordingly, we find the petitioner's convictions of abduction and sexual assault did not violate his constitutional right against double jeopardy.[22]

## B. Jury Instruction - Abduction with Intent to Defile

The petitioner asserts that the trial court erred by failing to instruct the jury that abduction with intent to defile requires a sexual motivation or purpose. This issue is soundly refuted by the record, which reflects that the petitioner proffered the abduction with intent to defile instruction that was given by the trial court over the State's objection.[23] Before giving this instruction, the trial court expressed concern that the jury might not inquire as to the meaning of the word "defile." Responding to the trial court's concerns, the petitioner's trial counsel directed the trial court to the following language in his proffered instruction: "The jury is instructed that the term defile means having a sexual purpose or motivation." Because the jury instruction specifically defined the term "defile," the petitioner's argument is baseless. Accordingly, we find no error.[24]

---

[22]The petitioner also asserts that the abduction statute, West Virginia Code § 61-2-14(a), is unconstitutional due to the "semantic vagueness" of the term "intent to defile." This question was settled long ago when we held that "[a] sexual purpose or motivation is an essential element of the offense of abduction with intent to defile contained in W.Va. Code, 61-2-14." Syl. Pt. 6, *State v. Hanna*, 180 W.Va. 598, 378 S.E.2d 640 (1989).

[23]The petitioner obviously benefitted from the jury being instructed on abduction with intent to defile. Abduction carries a penalty of three to ten years under West Virginia Code § 61-2-14(a), whereas kidnapping carries a possible penalty of life imprisonment under West Virginia Code § 61-2-14a.

[24]We also find that the petitioner waived any error regarding this jury instruction. As
(continued...)

14

## C. Sufficiency of the Evidence - Burglary

The petitioner contends that the State's evidence was insufficient for the jury to find him guilty of burglary due to legal impossibility. Noting that burglary requires the entry onto the premises "of another,"[25] the petitioner contends that both he and the victim were named on the lease agreement for the apartment[26] where the victim resided; therefore, he could not enter the premises "of another." The petitioner relies upon West Virginia Code § 48-27-506 (2014), which provides that domestic violence protective orders may not affect title to real property. The petitioner argues, therefore, that the protective order that gave the victim sole possession of the apartment had no bearing on his "property rights" to the apartment.

---

[24](...continued)
we stated in *Lease v. Brown*, 196 W.Va. 485, 473 S.E.2d 906 (1996), when a defendant submits the instruction, "any error stemming from its inclusion in the case has either been waived or deemed 'invited error.'" *Id.* at 488, 473 S.E.2d at 909 (internal citation omitted). Moreover, "[n]o party may assign as error the giving or the refusal to give an instruction . . . unless that party objects thereto before the arguments to the jury are begun, stating distinctly the matter to which that party objects and the grounds of the objection[.]" W.Va. R. Crim. P. 30, in part.

[25]West Virginia Code § 61-3-11 provides, in relevant part, as follows: "(a) Burglary shall be a felony. . . . If any person shall, in the nighttime, break and enter, or enter without breaking . . . the dwelling house . . . of another, with intent to commit a crime therein, he shall be deemed guilty of burglary."

[26]The petitioner does not cite to, nor can we find, anything in the appendix record that would demonstrate that he was a named tenant on the apartment lease. At best, it appears from the victim's trial testimony that the petitioner lived with her in the apartment at some point prior to the entry of the domestic violence protective order.

The State responds by maintaining that burglary concerns possession—not ownership. Because the petitioner did not have the right to possess the premises under the terms of the domestic violence protective order, the victim's exclusive possession of her residence at that time was sufficient to convict the petitioner of burglary. We agree with the State and find no merit in the petitioner's argument.

Prior to the commencement of trial, the petitioner pled guilty to violating the domestic violence protective order that gave the victim sole possession of her apartment. As we recognized in *Newcomb v. Coiner*, 154 W.Va. 653, 178 S.E.2d 155 (1970), "possession or occupancy" of a building or premises is the factor that should be considered in a prosecution for burglary. *Id.* at 657, 178 S.E.2d at 157. We find that the State's evidence that the petitioner kicked open the front door and forcibly entered the apartment in which the victim had exclusive possession and occupancy was sufficient for the jury to find that he had entered the "dwelling house . . . of another" and that he was, therefore, guilty of burglary. W.Va. Code § 61-3-11. Hence, the petitioner's burglary conviction is affirmed.

**D. Sufficiency of the Evidence - Second Degree Sexual Assault**

16

The petitioner asserts that there was insufficient evidence for the jury to find him guilty of second degree sexual assault.[27] Devoting four sentences to this assignment of error, the petitioner argues that his prior relationship with the victim was sufficient to create a reasonable doubt that he committed an act of forcible sexual intercourse. The State responds that the victim's testimony at trial, when viewed in the light most favorable to the prosecution, was sufficient for the jury to find that the petitioner engaged in sexual intercourse with the victim without her consent due to forcible compulsion. We likewise find the State's evidence at trial was sufficient for the jury to find the petitioner guilty of this charge.

As indicated above, "[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden." Syl. Pt. 3, in part, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995). Further, we must review the evidence at trial "in the light most favorable to the prosecution" and "credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution." *Id.*

The victim testified at trial that the petitioner kicked his way into her apartment after which he forcibly carried her away as she struggled to escape and screamed for help, all of which was corroborated by the trial testimony of Mr. Jones. Further testimony from

---

[27]*See supra* note 18.

the victim reflects that the petitioner carried her to an unoccupied apartment located on another street where he sexually assaulted her as she fought him and as he held her down by her neck. The evidence at trial also included police photographs of the bruising to the victim's neck, chest, back, and legs. Moreover, the jury heard the testimony of both the victim and Mr. Jones that, after the victim escaped and returned to her apartment, the petitioner followed her home, sat on the external steps to her apartment, and told her to "go ahead and call the law" because "I know I'm going to prison for rape and kidnapping[.]"

Viewing all of the evidence in the light most favorable to the prosecution,[28] we conclude that there was sufficient evidence for the jury to find that the petitioner engaged in sexual intercourse with the victim without her consent due to forcible compulsion, thereby meeting the statutory elements of second degree sexual assault. *See* W.Va. Code § 61-8B-4(a)(1). The petitioner's conviction for second degree sexual assault is affirmed.

### E. Recidivist Conviction

The petitioner challenges his recidivist conviction on the basis that the trial court erred by denying his motion in limine and allowing documentation concerning his prior felony conviction in Virginia to be admitted into evidence during his recidivist trial.[29] He

---

[28]*Guthrie*, 194 W.Va. 657, 461 S.E.2d 163, syl. pt. 3.

[29]West Virginia Code § 61-11-19, provides, in relevant part, as follows:

(continued...)

18

relies upon *Justice v. Hedrick*, 177 W.Va. 53, 350 S.E.2d 565 (1986), wherein we stated that

"'[h]abitual criminal proceedings . . . are wholly statutory. . . . [and] [b]eing in derogation of

the common law, such statutes are generally held to require a strict construction in favor of

the prisoner.'" *Id.* at 54, 350 S.E.2d 565, syl. pt. 1, in part (internal citations omitted). The

Virginia records that were admitted into evidence showed that the petitioner was represented

by counsel when he pled guilty to the lessor included felony offense of voluntary

manslaughter in response to his indictment for murder. The petitioner argues that his

recidivist conviction should be set aside because the Virginia records did not show that his

guilty plea was knowingly, voluntarily, and intelligently made.[30]

---

[29](...continued)
> It shall be the duty of the prosecuting attorney when he
> has knowledge of former sentence or sentences to the
> penitentiary of any person convicted of an offense punishable by
> confinement in the penitentiary to give information thereof to
> the court immediately upon conviction and before sentence.
> Said court shall . . . upon an information filed by the prosecuting
> attorney, setting forth the records of conviction and sentence . .
> . and alleging the identity of the prisoner with the person named
> in each, shall require the prisoner to say whether he is the same
> person or not. If he says he is not, or remains silent . . . a jury
> shall be impanelled to inquire whether the prisoner is the same
> person mentioned in the several records. If the jury finds that .
> . . he is the same . . . the court shall sentence him to such further
> confinement as is prescribed by section eighteen of this article
> on a second or third conviction as the case may be.

[30]The petitioner also asserts that before the Virginia voluntary manslaughter
conviction may serve as a predicate offense for a recidivist proceeding in West Virginia, a
determination must be made that the offense was a felony. The petitioner argued before the
trial court that *voluntary* manslaughter in Virginia is more akin to *involuntary* manslaughter
(continued...)

The State asserts that the trial court properly admitted the records of the petitioner's Virginia conviction and penitentiary sentence and, absent the petitioner citing evidence to the contrary, there is a presumption that the final judgment of conviction was validly obtained. The State relies upon *Parke v. Raley*, 506 U.S. 20 (1992), wherein the United States Supreme Court upheld a recidivist conviction where the defendant argued an absence of evidence demonstrating that his guilty plea to his prior conviction was knowing and voluntary. Observing that it is not unusual for a record to be nonexistent, particularly when the prior conviction is several years old, the Supreme Court stated that "it defies logic to presume from the mere unavailability of a transcript . . . that the defendant was not advised of his rights." *Id.* at 30.[31] The Supreme Court concluded that "the Kentucky Court of

---

[30](...continued)
in West Virginia, which is a misdemeanor offense that does not require an intentional act. The trial court found that the Virginia offense does, in fact, require intent, which would "take it outside the realm of involuntary manslaughter under West Virginia law." Further, a penitentiary sentence was imposed on the petitioner in Virginia. *See* W.Va. Code § 61-11-18(a) (emphasis added) ("[W]hen any person is convicted of an offense and is subject to confinement in the state correctional facility therefor, and it is determined, as provided in section nineteen of this article, that *such person had been before convicted in the United States of a crime punishable by confinement in a penitentiary*, the court shall, if the sentence to be imposed is for a definite term of years, add five years to the time for which the person is or would be otherwise sentenced. Whenever in such case the court imposes an indeterminate sentence, the minimum term shall be twice the term of years otherwise provided for under such sentence."). We find no error in the trial court's ruling in this regard.

[31]It is clear from *Parke* that recidivist proceedings in Kentucky are different from those in West Virginia. Under Kentucky law, once the Commonwealth proves the existence of the judgment on which it intends to rely in the recidivist proceeding, the burden shifts to the defendant to produce evidence that his rights were violated or that there were procedural errors in the earlier prosecution. If the presumption of regularity is rebutted, the burden shifts
(continued...)

20

Appeals fairly inferred that respondent understood the full consequences of his 1981 plea."

*Id.* at 37.

Our review of the record reveals that the trial court gave a great deal of consideration to the petitioner's arguments on this issue. Questioning its authority and jurisdiction to consider the constitutionality of a conviction from another state, the trial court found no legal support for the petitioner's position. The trial court also noted the absence of any statutory authority in West Virginia that would allow it to "look to the underlying validity of the voluntariness of a plea." For these reasons, as well as the absence of any evidence to support the petitioner's theory that the Virginia conviction was invalid, the trial court denied the petitioner's motion in limine.

Although it did not involve a prior out-of-state conviction, an argument similar to the petitioner's was addressed in *Anderson v. McClintic*, 115 W.Va. 329, 175 S.E. 857 (1934). In *Anderson*, the petitioner challenged his recidivist conviction and sentence on the basis, *inter alia*, that his prior West Virginia conviction, which resulted from his guilty plea to unlawful shooting in response to the indicted charge of malicious assault, was

---

[31](...continued)
back to the prosecution to demonstrate that the earlier judgment was rendered in a manner that protected the defendant's rights. As the trial court observed in the case at bar, in West Virginia, "[t]he two key elements in a recidivist proceeding are proof of the prior felony conviction, and proof that the defendant is the person who was convicted of that felony." *State v. Masters*, 179 W.Va. 752, 755, 373 S.E.2d 173, 176 (1988).

21

meaningless, uncertain, and too vague to support a judgment. This Court affirmed the

recidivist conviction and sentence, finding the petitioner's challenge to be "too late." *Id.* at

334, 175 S.E. at 859. As this Court explained,

> [w]here a defendant to a felony indictment, with the assent of the court and approval of the prosecuting attorney, pleads guilty to a lesser felony as charged in the indictment, receives sentence of penitenitary [sic] confinement and serves the term imposed, all without legal objection, he will be deemed to have waived irregularities of procedure and will not be heard to question the regularity of such conviction when the same is later relied upon by the state *pro tanto* in proceedings against him as a habitual criminal.

*Id.* at 329, 175 S.E. at 857, syl. pt. 2. We have further observed that

> [t]o justify the imposition, under the recidivist statute of this State, of a sentence in excess of the sentence provided for the principal offense, the previous conviction and sentence must be a valid conviction and sentence; and if such previous conviction and sentence are void they will not constitute the basis for the imposition of the punishment provided by such statute and, in that situation, such statute will be deemed to be wholly inapplicable.

Syl. Pt. 2, *State ex rel. Whytsell v. Boles*, 149 W.Va. 324, 141 S.E.2d 70 (1965).

Importantly, "[t]here is a strong presumption in favor of the regularity of court proceedings

and the burden is on the person who alleges irregularity to show affirmatively that such

irregularity existed." Syl. Pt. 1, *State ex rel. Ashworth v. Boles*, 148 W.Va. 13, 132 S.E.2d

634 (1963); *see also Parke*, 506 U.S. at 31 (observing that "even when a collateral attack on

a final conviction rests on constitutional grounds, the presumption of regularity that attaches

to final judgments makes it appropriate to assign a proof burden to the defendant.").

22

As both the trial court and the State have noted, glaringly absent from the record in the case *sub judice* is any indication that the Virginia conviction was invalid or that the petitioner ever challenged his guilty plea that led to his conviction and penitentiary sentence in Virginia in 1994. In fact, the petitioner's trial counsel specifically informed the trial court that there did not appear to be any appeal following the petitioner's conviction in Virginia.[32] Consequently, the petitioner will not be heard to complain of it now. *See* Syl. Pt. 2, *Anderson*, 115 W.Va. 329, 175 S.E. 857. Accordingly, we find no abuse of discretion in the trial court's admission of the State's documentary evidence regarding the petitioner's felony conviction in Virginia.[33] There being no basis to reverse the petitioner's recidivist conviction, it is hereby affirmed.

---

[32]The petitioner's trial counsel moved for a continuance to allow him time to search for evidence that might demonstrate that the petitioner's guilty plea in Virginia was not knowingly, voluntarily, and intelligently made. The trial court suggested that if defense counsel could provide some evidence to support his position, the court "might even look at this a little differently." After granting the continuance, the petitioner's trial counsel withdrew his motion, stating that he was "satisfied with the record as we've made it."

[33]*See Rodoussakis*, 204 W.Va. at 61, 511 S.E.2d at 472, syl. pt. 4 ("A trial court's evidentiary rulings, as well as its application of the Rules of Evidence, are subject to review under an abuse of discretion standard.").

## F. Recidivist Sentencing

The petitioner asserts that the trial court erred by selecting the conviction that carried the harshest statutory penalty–second degree sexual assault–for purposes of imposing the recidivist sentencing enhancement.[34] The petitioner alleges that the recidivist sentencing statute[35] is ambiguous because it does not indicate which sentence is to be enhanced when a person is convicted on multiple counts. Citing the rule of lenity, the petitioner argues that the recidivist sentencing statute is to be construed against the State and in a defendant's favor by requiring the enhancement of the most lenient sentence when multiple convictions are rendered against a defendant in the same proceeding. The petitioner therefore asserts that the trial court should have enhanced the sentence imposed on his burglary conviction because

---

[34]Our review of the appendix record reflects that the only objection raised by the petitioner's trial counsel concerning the recidivist sentencing involved the trial court's proposed sentencing order, which enhanced the sentences for both the abduction and the sexual assault convictions. Defense counsel advised the trial court that "there can only be one conviction enhanced by the recidivist finding[,]" after which the trial court revised the sentencing order by removing the sentencing enhancement for the abduction conviction.

[35]West Virginia Code § 61-11-18(a) provides, in relevant part, as follows:

> when any person is convicted of an offense and is subject to confinement in the state correctional facility therefor, and it is determined . . . that such person had been before convicted in the United States of a crime punishable by confinement in a penitentiary, the court shall, if the sentence to be imposed is for a definite term of years, add five years to the time for which the person is or would be otherwise sentenced. Whenever in such case the court imposes an indeterminate sentence, the minimum term shall be twice the term of years otherwise provided for under such sentence.

24

it carried the most lenient statutory penalty and, because the court did not, his sentence is unconstitutionally excessive.[36]

Expressing a contrary view, the State argues that because the petitioner's sentence is within statutory limits and not based upon any impermissible factor, his sentence is not subject to appellate review. The State asserts that while a court may only enhance one sentence when multiple convictions are rendered in one day, courts have discretion regarding which sentence to enhance. *See Turner v. Holland*, 175 W.Va. 202, 332 S.E.2d 164 (1985). Here, the trial court chose to enhance the sentence for the petitioner's second degree sexual assault conviction.

In *Turner*, the defendant challenged his recidivist sentencing where the trial court enhanced the sentences on both his sexual abuse and burglary convictions. 175 W.Va. 202, 332 S.E.2d 164. Looking to our prior decisions for guidance, we observed in *Turner* that

> where two convictions are obtained against the defendant on the same day, they are treated as one conviction and neither can be used to enhance the other under our recidivist statute. *State ex rel. Medley v. Skeen*, 138 W.Va. 409, 76 S.E.2d 146 (1953). Moreover, multiple convictions on the same day are treated as one conviction for purposes of enhancing any subsequent felony

---

[36]The petitioner uses his rule of lenity argument as a springboard for his conclusory one-sentence argument that his sentence is unconstitutionally excessive, citing the Eighth Amendment to the United States and "its West Virginia Constitutional counterpart."

convictions. *State ex rel. Hill v. Boles*, 149 W.Va. 779, 143 S.E.2d 467 (1965).

*Turner*, 175 W.Va. at 203, 332 S.E.2d at 166. Based on this precedent, we concluded that

> it would seem logical . . . that the three convictions obtained in the same proceeding must be treated as one for purposes of any recidivist enhancement. Therefore, a five-year enhancement based on the prior felony conviction should only be imposed on one of the present sentences.

*Id.* Accordingly, we held that "[i]n the absence of some express language in our recidivist statute, W.Va. Code, 61-11-18, authorizing criminal convictions returned against the defendant at the same time to be separately enhanced by a prior felony, it may not be done and only one enhancement is permissible." 175 W.Va. at 202, 332 S.E.2d at 165, syl. The case was remanded to the circuit court with directions that the lower court "vacate one of the enhancements" without specifying which was to be vacated. *Id.* at 204, 332 S.E.2d at 166.

Subsequently, we addressed the recidivist sentencing in *State v. Stover*, 179 W.Va. 338, 368 S.E.2d 308 (1988). The lower court had imposed a recidivist enhancement on the defendant's sentences for burglary *and* for grand larceny, which convictions were rendered the same day. Citing *Turner*, we reversed and remanded "with directions that the court remove one of the enhancements,"[37] implicitly leaving to the lower court's discretion, as we did in *Turner*, which enhancement it would remove. More recently, in *State v. Lusk*, No. 13-0556, 2014 WL 6607447 (W.Va., Nov. 21, 2014) (memorandum decision), we

---

[37]179 W.Va. at 339, 368 S.E.2d at 309.

26

reversed the defendant's sentencing where the lower court had enhanced the sentences imposed on each of the defendant's four convictions. Relying on *Turner*, we remanded the case to the circuit court with directions that "only one of the convictions may be subject to the recidivist enhancement." *Lusk*, at *6. In the absence of any further directive in the remand, the circuit court had discretion as to which sentence would receive a recidivist enhancement. *See also State v. Johnson*, No. 13-0996, 2014 WL 2681500 (W.Va., June 13, 2014) (memorandum decision) (relying upon *Turner* to reverse circuit court's order that enhanced all three sentences imposed for three convictions rendered on same date and remanding for entry of sentencing order that enhanced only one of three sentences but without direction regarding which sentence to select).

We recently had occasion to address a recidivist sentencing issue nearly identical to the petitioner's argument in the case at bar. In *Butler v. Hoke*, No. 11-0866, 2012 WL 3091082 (W.Va. May 29, 2012) (memorandum decision), the defendant argued that the circuit court erred by enhancing the sentence for his malicious wounding conviction, rather than for his burglary conviction, the latter of which carried a more lenient penalty. We affirmed the sentencing order, finding that the lower court had enhanced only one of the defendant's sentences, which was consistent with *Turner*, and had "used its discretion as to which sentence to enhance." *Id.* at *3.

The foregoing cases demonstrate that we have consistently applied our holding in *Turner* by directing circuit courts to impose a recidivist enhancement on only one sentence when multiple convictions are returned the same day. These cases further establish that we have routinely left to the circuit court's discretion which sentence will be enhanced. This approach comports with our long-standing precedent that sentencing decisions are left to the trial court's discretion, provided the sentence is within statutory limits and not based upon an impermissible factor. *See* Syl. Pt. 4, *Goodnight*, 169 W.Va. 366, 287 S.E.2d 504. Accordingly, we now hold that where multiple sentences are imposed on a defendant arising out of multiple convictions rendered in the same criminal proceeding, and where there is a concomitant recidivist conviction, only one of the sentences may be subjected to a recidivist enhancement under *Turner*, 175 W.Va. 202, 332 S.E.2d 164. The selection of the sentence to be enhanced is committed to the sound discretion of the trial court.

In accordance with *Turner*, the trial court imposed a sentencing enhancement on only one of the petitioner's convictions—his second degree sexual assault conviction. Consistent with the recidivist sentencing statute,[38] the trial court doubled the lower end of the indeterminate term of ten to twenty-five years imprisonment for second degree sexual assault and imposed a twenty to twenty-five-year term of imprisonment. Based on our prior

---

[38]*See supra* note 35.

precedent, as well as our holding herein, we find that the trial court did not abuse its

discretion in the imposition of the recidivist sentence nor do we find the sentence excessive.[39]

### IV. Conclusion

For the reasons stated above, the March 28, 2014, re-sentencing order of the

Circuit Court of Kanawha County is hereby affirmed.

Affirmed.

---

[39]The petitioner also asserts that the cumulative effect of the errors he has alleged deprived him of his constitutional right to a fair trial and warrants a reversal of his convictions. *See* Syl. Pt. 5, *State v. Smith*, 156 W.Va. 385, 193 S.E.2d 550 (1972) ("Where the record of a criminal trial shows that the cumulative effect of numerous errors committed during the trial prevented the defendant from receiving a fair trial, his conviction should be set aside, even though any one of such errors standing alone would be harmless error."). Having failed to demonstrate any error in the proceedings below, there is no basis to invoke the cumulative error doctrine.