## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**EQT Production Company**
**Defendant Below, Petitioner**

**vs.)  No. 19-0370** (Ritchie County 16-C-61)

**Brian Taschler**
**Plaintiff Below, Respondent**

**FILED**
**June 18, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner EQT Production Company ("EQT"), by counsel Timothy Miller and Katrina N. Bowers, appeals the Circuit Court of Ritchie County's March 18, 2019, order awarding summary judgment to respondent. Respondent Brian Taschler, by counsel Cynthia Loomis Hardesty, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Respondent instituted the underlying civil action to seek clarification of the parties' rights under a 1905 lease agreement ("Hall lease") and to prohibit petitioner from constructing oil and gas wells upon the surface of respondent's property. The parties agree that respondent is the owner of the surface area of the property at issue, 208 acres of farmland in Ritchie County, which respondent purchased by deed dated October 6, 2014. However, there is a dispute about the nature of petitioner's interest, if any, in the right to develop the mineral interests underlying the surface of respondent's property.

In 1985, respondent's predecessor in title, Hayward Hall, filed a civil action in the Circuit Court of Ritchie County (Civil Action No. 85-C-129) to challenge the validity of the Hall lease on which petitioner bases its claim to mineral rights. In that civil action, the circuit court awarded default judgment to Hayward Hall and found that the Hall lease was "forfeited, terminated, extinguished and of no force or effect . . ." and, therefore, did not provide petitioner with its purported mineral rights. Petitioner now argues that the default judgment order entered by in Civil

1

Action No. 85-C-129 "has no legal force or effect and is not binding upon [petitioner] because the mineral owner/lessor and lessee were not joined as parties" in that action.

In 2015, without offering a legal challenge to the default judgment entered in Civil Action No. 85-C-129 in 1985, petitioner entered into a "ratified lease agreement" with a third party, an heir of the predecessor in title of the original lessor of respondent's property, to renew the Hall lease and provide petitioner with rights to develop the mineral interests in said property. The ratified lease agreement also included a pooling agreement that was not in the original lease.

In the fall of 2015, under the provisions of the ratified lease agreement, petitioner advised respondent that it was planning to use nineteen acres of the surface area of respondent's property for the constructing and drilling of horizontal wells, wells that would extend beyond the boundaries of respondent's property and into neighboring tracts of land.[1] In response, respondent served petitioner with a notice against entry arguing that petitioner did not have the right to construct wells on respondent's land. Nevertheless, petitioner entered onto respondent's property and staked its planned areas of surface disturbance.

In June of 2016, petitioner filed and obtained from the West Virginia Department of Environmental Protection ("WVDEP") permits to drill wells on respondent's property. Petitioner acknowledges that it never commenced any drilling on respondent's property and noted that the drilling permits expired on June 2, 2018. In November of 2016, in an effort to clear title to the subject property, respondent filed the underlying case seeking declaratory judgment. Respondent asserted five counts in his underlying complaint, of which only three counts (Counts I, II, and III) are germane to this action. In Count I, respondent sought a declaration that petitioner "has no right under the [t]erminated 1905 Hall [l]ease to [p]roduce [m]inerals underlying [respondent's] property." In Count II, respondent sought a declaration that the Hall lease prohibits petitioner from constructing its "well pad site" in respondent's hay fields. Respondent asked, in Count III, for a declaration that using respondent's surface to drill petitioner's wells would constitute trespass, as the well bores drill into and produce "neighboring mineral tracts."

The circuit court granted summary judgment to respondent as to Counts I, II, and III by order entered March 18, 2019. The court specifically determined that it had subject matter jurisdiction to hear the case and further that any use of the respondent's surface land by petitioner to drill well bores into and produce neighboring mineral tracts would constitute trespass.

The circuit court further found that the terms of the Hall lease would prohibit petitioner from conducting drilling operations on any hay field or areas used by respondent for farming purposes. Additionally, because the lease under which petitioner claims "a right to utilize [respondent's] surface for drilling wells has already previously and finally been adjudged forfeited, terminated, abandoned, extinguished, cancelled and of no force or effect," the court found that petitioner must prove that "it has a valid right to drill" on respondent's property. The court

_____

[1]As to the meadow in which petitioner claimed nineteen acres for construction of its wellheads, respondent argued that he grows, cuts, and bales hay on this portion of his property in order to feed his cattle.

2

reasoned that since thirty-six years have expired since the entry of the default judgment order terminating petitioner's rights, that petitioner was estopped, by the doctrine of laches, from "demanding an investigation as to whether the mineral owners and lessees of the property in 1985 were properly joined as parties in the civil action and file at that time." It is from the circuit court's March 18, 2019, order awarding summary judgment to respondent on Counts I, II, and III of the declaratory judgment action that petitioner now appeals.

On appeal, petitioner asserts three assignments of error, each relating, in some respect, to the propriety of the circuit court's award of summary judgment to respondent. As to summary judgment, this Court has long held that "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). Further, this Court has found that "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. Pt. 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W. Va. 160, 133 S.E.2d 770 (1963).

In its first assignment of error, petitioner contends that the circuit court's award of summary judgment to respondent was improper, as the court lacked subject matter jurisdiction. In *Snider v. Snider*, 209 W. Va. 771, 777, 551 S.E.2d 693, 699 (2001), we found that "[w]hether a court has subject matter jurisdiction over an issue is a question of law[.]" Further, we have held that "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 2, *State v. Lewis*, 235 W. Va. 694, 776 S.E.2d 591 (2015) (quoting Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995)).

Petitioner argues that the circuit court did not have subject matter jurisdiction to rule on Counts I, II, and III of respondent's declaratory judgment motion as there was no justiciable controversy. *See* Syl. Pt. 2, *W. Va. Inv. Bd. v. Variable Annuity Life Ins. Co.*, 234 W. Va. 469, 766 S.E.2d 416 (2014).[2] Since petitioner's drilling permits for respondent's property were expired at

---

[2] In syllabus point 2 of *Variable Annuity Life Ins. Co.*, this Court found that

> [i]n deciding whether a justiciable controversy exists sufficient to confer jurisdiction for purposes of the Uniform Declaratory Judgment[s] Act, . . . a circuit court should consider four factors in ascertaining whether a declaratory judgment action should be heard: (1) whether the claim involves uncertain and contingent events that may not occur at all; (2) whether the claim is dependent upon the facts; (3) whether there is adverseness among the parties; and (4) whether the sought after declaration would be of practical assistance in setting the underlying controversy to rest.

(Citation omitted).

the time the circuit court issued its ruling in 2019, petitioner argues that the circuit court lacked jurisdiction.[3] We disagree.

Here, even without any imminent plans to drill wells upon respondent's property, petitioner maintains that under the ratified lease agreement, it has the right to construct and drill wells upon respondent's property. As such, a justiciable controversy exists to establish subject matter jurisdiction. Further, we find that jurisdiction is proper in the circuit court pursuant to West Virginia Code § 51-2-2(d), which provides, in pertinent part, that circuit courts shall have

> original and general jurisdiction in all cases in equity, including jurisdiction in equity to remove any cloud on the title to the real property, or any part of a cloud, or any estate, right or interest in the real property, and to determine questions of title with respect to real property[.]

In its second assignment of error, petitioner argues that the circuit court erred in finding in respondent's favor because of the existence of the ratified lease agreement, which petitioner contends addresses the mineral interests in the subject property. Specifically, petitioner argues that the Hall lease was ratified and revived by petitioner's execution of the ratified lease agreement. However, petitioner's arguments are made without paying deference to the 1985 default judgment award to respondent's predecessor in interest, which occurred thirty years prior to the 2015 ratified lease agreement and served to provide to respondent's predecessor in title ownership of the surface and mineral interests of property at issue.

Similarly, in its final assignment of error, petitioner contends that the circuit court erred in ruling in respondent's favor as factual and legal development was necessary to determine petitioner's claim that the 1985 default judgment order was not binding on or applicable to petitioner. Here, the circuit court found and we agree that given the passing of thirty-six years since entry of the default judgment, petitioner was estopped, pursuant to the doctrine of laches, from asserting any arguments regarding the impropriety of the default judgment awarded to respondent's predecessor in interest terminating any interest petitioner held in the Hall lease. *See* Syl., *Carter v. Price*, 85 W. Va. 744, 102 S.E. 685 (1920). Accordingly, no additional "factual" or legal development was necessary, summary judgment was proper, and the existence of the ratified lease agreement was of little consequence.

For the foregoing reasons, we affirm the Circuit Court of Ritchie County's March 18, 2019, order awarding award of summary judgment to respondent on Counts I, II, and III of his underlying complaint.

Affirmed.

---

[3]Petitioner avers that it has "no present plans" to seek new drilling permits for respondent's property and has no plans to use the surface of said property to produce minerals.

**ISSUED:**  June 18, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison