# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**
**May 26, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 19-0121** (Kanawha County 09-F-505 and 09-M-67)

**Robert Lee Lewis,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Robert Lee Lewis, self-represented litigant, appeals the January 14, 2019, order of the Circuit Court of Kanawha County denying his motion for correction of an illegal sentence made pursuant to Rule 35(a) of the West Virginia Rules of Criminal Procedure. Respondent State of West Virginia, by counsel, Holly M. Flannigan, filed a summary response in support of the circuit court's order.  Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal.  The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument.  Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error.  For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 31, 2009, a Kanawha County grand jury returned a six-count indictment against petitioner, charging him with burglary by breaking and entering (Count One); burglary by entering without breaking (Count Two); kidnapping (Count Three); second-degree sexual assault (vaginal intercourse) (Count Four); second-degree sexual assault (oral intercourse) (Count Five); and the willful and knowing violation of the terms of a domestic violence protective order (Count Six). Prior to the commencement of Mr. Lewis's trial on November 2, 2009, he pled guilty to Count Six.  Thereafter, his trial proceeded on the remaining counts and the jury found petitioner guilty of burglary (Count Two); abduction with the intent to defile as a lesser included offense of kidnapping (Count Three); and second-degree sexual assault (Count Four).

After the trial, the State filed a recidivist information based upon petitioner's prior felony conviction, and following a recidivist trial, the circuit court imposed upon petitioner the following terms of incarceration: one to fifteen years for burglary; three to ten years for abduction with intent to defile; and twelve months for violating the domestic violence protective order.  In addition, based on the recidivist conviction, the circuit court enhanced petitioner's sentence for second-degree sexual assault by increasing the statutory ten to twenty-five-year term of incarceration to twenty to twenty-five years of incarceration as provided for in West Virginia Code § 61-11-18(a), the recidivist sentencing statute.  The circuit court further ordered all sentences to be served

1

consecutively with the exception of the twelve-month sentence, which was ordered to run concurrently with the other sentences.

Petitioner did not file a direct appeal to this Court; however, in January of 2012, he filed a petition for writ of habeas corpus and asserted ineffective assistance of counsel. The circuit court denied the petition. However, on appeal, this Court remanded the case for a new hearing on that issue. *See State ex rel. Lewis v. Ballard*, No. 12-0137, 2013 WL 1286150 (W. Va. March 29, 2013) (memorandum decision). On remand, the circuit court found that trial counsel was ineffective for not filing a direct appeal. As a result, petitioner was resentenced and appointed counsel for the purpose of pursuing a direct appeal.

A direct appeal was filed, and petitioner raised the following assignments of error: (1) his convictions for abduction with intent to defile and second-degree sexual assault violated double jeopardy; (2) the circuit court erred in failing to instruct the jury that abduction with intent to defile requires a sexual motivation or purpose; (3) the State's evidence was insufficient for the jury to find petitioner guilty of burglary because of legal impossibility; (4) there was insufficient evidence for the jury to find him guilty of second-degree sexual assault; (5) his recidivist conviction was invalid; and (6) the circuit court erred in selecting the conviction that carried the harshest statutory penalty—second-degree sexual assault—for purposes of imposing the recidivist sentencing enhancement. In *State v. Lewis*, 235 W. Va. 694, 776 S.E.2d 591 (2015), this Court found all of Mr. Lewis's issues to be without merit and affirmed his convictions and the recidivist sentence. *See* 235 W. Va. at 701-09, 776 S.E.2d at 598-606.

In May of 2016, petitioner filed a second petition for writ of habeas corpus and then filed an amended petition in December of 2016.[1] Petitioner raised the following grounds for relief: (1) whether the jury should have been instructed regarding the lesser included offenses of second-degree sexual assault; (2) the State's evidence was insufficient for the jury to find him guilty of burglary because of legal impossibility; (3) his consecutive sentences are unconstitutionally disproportionate to his offenses given that the circuit court chose to enhance the conviction that carried the harshest statutory penalty, second-degree sexual assault, pursuant to his recidivist conviction; and (4) he was unconstitutionally convicted of a charge not included in the indictment because abduction with intent to defile is not a lesser included offense of kidnapping. By order entered November 2, 2017, the circuit court denied the second habeas petition and found that petitioner's grounds of relief were either previously and finally adjudicated in his direct appeal in *State v. Lewis*, 235 W. Va. 694, 776 S.E.2d 591 (2015), or could have been, if raised with due diligence; therefore, any unraised issues were waived. Once again, petitioner appealed to this Court.

In a signed opinion from this Court, *Lewis v. Ames*, __ W. Va. __, 836 S.E.2d 56 (2019), we found "that the errors raised in this appeal were either not raised below and therefore waived, or were previously and finally adjudicated on the merits and not clearly wrong. *See* W. Va. Code § 53-4A-1 (1967)." __ W. Va. at __, 836 S.E.2d at 60.

---

[1] After filing his direct appeal with this Court, petitioner also filed a petition for a writ of habeas corpus in the United States District Court for the Southern District of West Virginia. The District Court dismissed the petition because he failed to exhaust his state remedies. *See Lewis v. Ballard*, Civil Action No. 2:16-CV-03194, 2017 WL 927231 (S.D.W. Va. March 8, 2017).

Meanwhile, during the pendency of petitioner's appeal of his second habeas petition, petitioner filed a Rule 35(a) motion to correct an illegal sentence. In the motion, he alleged that his sentence for burglary was illegal because the jury instruction failed to include the words "in the nighttime." Notably, he did not challenge his other sentences. In January of 2019, the circuit court denied his motion—primarily based on res judicata. Petitioner now appeals the circuit court's January 14, 2019, order denying his Rule 35(a) motion.

In Syllabus Point 1 of *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996), we set forth the pertinent standard of review:

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

On appeal, petitioner asserts six assignments of error: (1) his sentence was violative of Article III, §5 of the West Virginia Constitution; (2) he was denied a sentence proportionate to the offense; (3) sentence imposed for violation of West Virginia Code § 61-3-11 was illegal because of co-equal possessory interest in property; (4) sentence imposed for violation of West Virginia Code § 61-3-11 was illegal because Petitioner was not indicted for abduction; (5) sentence imposed for violation of West Virginia Code § 61-2-14(a) violative of the U.S. Constitution, the 5th, 6th, and 14th Amendments, and Sections 4, 10, and 14 of Article III of the West Virginia Constitution; and (6) ineffective assistance of counsel.

Based on our review of the record, we find that petitioner raises substantially the same arguments as those rejected by this Court in petitioner's direct appeal, *State v. Lewis*, 235 W. Va. 694, 776 S.E.2d 591 (2015), and in the appeal of his second habeas proceeding, *Lewis v. Ames*, __ W. Va. __, 836 S.E.2d 56 (2019). In denying petitioner's motion to correct an illegal sentence, the circuit court found that

> [p]etitioner appealed his underlying conviction to the Supreme Court of Appeals of West Virginia in case no. 14-0339 wherein the same arguments were made as in the above motion. The Supreme Court of Appeals of West Virginia affirmed the circuit court's criminal conviction in an opinion submitted April 8, 2015. Therefore, the [p]etitioner's claims are *res judicata*, as they have been previously and finally adjudicated on the merits.

We agree with the circuit court. In Syllabus Point 2 of *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), we held, as follows:

3

> A judgment denying relief in post-conviction habeas corpus is res judicata on questions of fact or law which have been fully and finally litigated and decided, *and as to issues which with reasonable diligence should have been known but were not raised*, and this occurs where there has been an omnibus habeas corpus hearing at which the applicant for habeas corpus was represented by counsel or appeared pro se having knowingly and intelligently waived his right to counsel.

(Emphasis added). Here, all six of the alleged errors brought by petitioner have been raised in his previous appeals and have been fully and finally litigated. Accordingly, because petitioner has raised, or could have raised these issues in earlier appeals, he is barred from attempting to re-litigate them here. *See, e.g.*, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995). Thus, the circuit court did not abuse its discretion in denying petitioner's Rule 35(a) motion to correct illegal sentence as it was beyond the scope of the Rule under which it was filed.

Assuming *arguendo* that petitioner's arguments were not barred by *res judicata*, we find that the arguments would still be inappropriate for appeal. "Rule 35 contemplates correction or reduction of a criminal sentence rather than a challenge to the underlying conviction." *Layne v. Siefert*, No. 101278, 2012 WL 2874240, at *1 (W. Va. Jan. 13, 2012) (memorandum decision). Here, petitioner attempts to challenge the evidentiary basis of his conviction rather than challenge his sentence. In his Rule 35(a) motion to correct illegal sentence, petitioner alleges that his sentence for burglary was illegal because the jury instruction failed to include the words "in the nighttime." Now, on appeal, petitioner alleges six assignments of error that were not presented in his Rule 35(a) motion, and which do not address how the circuit court allegedly erred in denying said motion. Furthermore, the circuit court did not address these issues in its final order.

It is this Court's general rule that nonjurisdictional questions not raised at the circuit court level, but raised for the first time on appeal, will not be considered. *See* Syl. Pt. 1, *State v. Berry*, 227 W. Va. 221, 707 S.E.2d 831 (2011) ("Errors assigned for the first time on appeal will not be regarded in any matter of which the trial court had jurisdiction or which might have been remedied in the trial court had objection been raised there."); *Watts v. Ballard*, 238 W. Va. 730, 735 n.7, 798 S.E.2d 856, 861 n.7 (2017) ("'This Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance.' Syl. Pt. 2, *Sands v. Security Trust Co.*, 143 W. Va. 522, 102 S.E.2d 733 (1958)."). Because petitioner's errors were not raised before the circuit court in his original Rule 35(a) motion, and do not address any errors by the circuit court's decision, they will not be addressed by this Court.

For the foregoing reasons, we affirm the circuit court's January 14, 2019, order denying petitioner's Rule 35(a) motion for correction of illegal sentence.

Affirmed.

**ISSUED:**  May 26, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

**NOT PARTICIPATING:**

Justice Margaret L. Workman